———o———

CHARLES O. SEYFARTH, Respondent, *vs.* ST. LOUIS & IRON MOUNTAIN RAILROAD COMPANY, Appellant.

| 52 | 449 |
|---|---|
| 150 | 373 |

1. *Common Carrier—Action against, for goods lost—Value of goods—Evidence.* —In the trial of a suit against a carrier for the value of a chest and its contents, which were enumerated in the petition, a witness after stating the value in detail, of a number of articles was asked if she knew the value of the chest and contents, and answered that she did, and named the value at $400.00. She also stated that besides the articles she had specifically mentioned, there were some others which she had not named. This statement was not made in answer to any question asked her, but in connection with her testimony relating to the contents of the chest. *Held*, that an objection to her testimony on the ground that there was evidence tending to show that there were more goods in the chest than were sued for, was not well taken.

29—VOL. LII.

2. *Common Carrier—Suit against for goods lost—Evidence of value.*—In a suit against a common carrier for the value of household goods lost, it is competent for plaintiff to ask a witness as to value, whose opinion is based upon a knowledge of the articles lost, and not on his skill as an expert, his opinion as to their value in bulk. The plaintiff is not obliged to restrict the examination to the value of each article, and in that way arrive at their total value; nor is it incumbent on him to show the process by which the conclusion of the witness is reached.

*Appeal from St. Louis Circuit Court.*

*Dryden & Dryden*, for Appellant.

*Edward C. Kehr*, for Respondent.

EWING, Judge, delivered the opinion of the court.

This was an action to recover the value of goods delivered to, and received by the defendant as a common carrier, for transportation from Irondale to Allenville Station in this State. The goods consisted of a large chest and divers articles contained therein, which it is alleged were never delivered. The answer admits that the defendant received the goods and avers that they were delivered to the plaintiff. There was a trial by a jury and a verdict for the plaintiff for $373.00. No instructions were asked on either side.

The court, on the trial of the cause, permitted the plaintiff and his wife (who was examined as a witness) to give their opinion as to the value of the chest and its contents. And this is the only question the record presents. The contents of the chest, consisting chiefly of bedding, the wearing apparel of the family and a box of engraver's tools, were put in the chest by plaintiff's wife while he was absent. After the plaintiff in his testimony had enumerated a great many articles of the several classes mentioned in the petition, of which he said he was the owner and which he had left in charge of his wife, he was asked to give his opinion as to the value of the chest and its contents at the time of the shipment, supposing the articles he had mentioned to have been in the chest—having first stated that he knew their value. The answer was $350.00. On cross examination, he stated the value of a number of specific

articles but could not give the value of others. The wife of the plaintiff who put the goods in the chest, gave a fuller and more minute description of the contents of the chest, which corresponded in the main with the articles mentioned in the petition; and after stating the value of a number of them, was asked if she knew the value of the chest and contents, to which she answered $400.00. These were the only witnesses who testified in the cause, no evidence being offered by the defendant.

It is insisted that the testimony as to the value of the goods in the chest was inadmissible, for the reason that there was evidence tending to show that more goods were put in the chest than are sued for. The plaintiff's wife after giving in detail the contents of the chest, as far as she could remember, said than were some other things in the chest that she had not named. This statement was not made in answer to any question asked the witness, but in connection with her testimony relating to the contents of the chest, and was made without objection.

This was certainly no reason for excluding her *testimony* as to the value of the goods, if it was otherwise competent. If this evidence was deemed prejudicial to the defendant as affecting the question of damages, the effect of it might have been obviated by an appropriate instruction to the jury.

It is also objected that the *form* of the question and the mode of the examination was improper; that the witnesses should not have been asked their opinion of the whole property in mass. Mrs. Seyfarth, the wife of plaintiff (who of course had a better knowledge of the goods than any one else, they being household articles) after being asked if she knew their value and saying that she did, unhesitatingly put it at $400—a sum in excess of the amount of the verdict. She was not cross-examined by the defendant as to the value. If her estimate was excessive, this could have been shown by the defendant by very obvious tests. But she was not asked to give the reasons of her conclusion or opinion regarding the value, or to state the value of each article, or whether in the estimate

she included any goods that were not described in the petition. Nothing of this kind was asked the witness.. The subject of inquiry was not one to which the doctrine in reference to experts applied; and it cannot be questioned that the opinion of this witness as to the value of the articles was clearly admissible under the circumstances. The evidence being competent the plaintiff was not obliged to restrict the examination to the value of each article, and in that way arrive at the total value; nor was it incumbent on him to show the process by which the conclusion of the witness was reached.

The objection is really to the weight or credibility of the testimony,· and it was therefore properly overruled.

Judgment affirmed. The other Judges concur, except Judge Sherwood who is absent.