RISSLER v. AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

Division Two, June 6, 1899.

1. Pleading: MOTION TO ELECT: ONE CAUSE OF ACTION. When a contract contains several stipulations, a petition which alleges breaches of the different stipulations is not open to the objection of having joined two causes of action in one count, and hence a motion to compel an election should be overruled.

2. Insurance: VALUE OF GOODS: INVENTORY PAROL EVIDENCE. Parol evidence is competent to prove the value of the goods destroyed by fire, although the policy required that an inventory should be taken and books kept showing the daily transactions.

3. ———: WARRANTIES: KNOWLEDGE AND REPRESENTATIONS OF AGENT. The knowledge of an insurance agent is imputable to the company, and where he knows all the facts when he takes the premium and assumes the risk on behalf of the company, the company is estopped to set up the misrepresentations of the application, if they are due to the carelessness, ignorance or fraud of the agent whom the company has clothed with full authority to make a complete contract of insurance.

4. ———: ———: ———: CASE STATED. The agent of the defendant company had authority to solicit insurance, receive premiums and issue policies and to make a complete contract of insurance. He wrote the application, which was made a part of the policy, and the insured's answers therein were made special warranties. The application stated that the date of the last inventory was January, 1895, when in fact it was 1894, and that he had never suffered loss by fire, when in fact a firm of which he was a member had lost its stock five years previously. When the application was being written the insured said he did not know whether the inventory was dated 1894 or

1895, but that he would get it out of his safe and see. The agent told him he was familiar with his stock of goods, knew he had made an inventory in 1894, and that it was not material for him to be particular about the exact date. The insured also reminded the agent of the fire which destroyed the goods of the firm, but the agent told him the question referred to fires where he alone was concerned. There was no evidence of collusion between the agent and the insured. *Held*, under these circumstances that the policy was not avoided by the mistaken answers contained in the application.

*Appeal from Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

FYKE, YATES & FYKE for appellant.

(1) Defendant's motion to compel plaintiff to elect should have been sustained. Trabue v. Ins. Co., 121 Mo. 75. (2) The defendant's demurrer to the evidence should have been sustained. The statements in the application were warranties. The evidence is undisputed that the statements made were false. Whether they were material or immaterial makes no difference. Hanford v. Ins. Co., 121 Mo. 60. The insured, with full knowledge of the falsity of the answers, signed the application; he is bound thereby. Snider v. Express Co., 63 Mo. 376; Ins. Co. v. Fletcher, 117 U. S. 519; Ryan v. Ins. Co., 41 Conn. 168; Lewis v. Ins. Co., 39 Conn. 100. (3) The court erred in admitting evidence of witnesses as to value of property, who merely guessed at its value, especially in view of the fact that plaintiff claimed to have books and papers in his possession which were not produced, from which the approximate value of the goods could have been arrived at. The policy required books to be kept which would show the amount of the loss. They, therefore, were the best evidence of the amount of loss. Crigler v. Ins. Co., 49 Mo. App. 11.

W. F. JOHNSON and W. M. WILLIAMS for respondent.

(1) The petition only contains one cause of action. It was not necessary to bring a separate suit for the loss upon each class of property covered by the policy. In an action upon a policy of insurance only one count is usual or necessary. This is the uniform practice in such cases. It is not essential that a petition, based upon a contract containing several stipulations, should have a separate count for each stipulation. Comstock v. Davis, 51 Mo. 569; Brooks v. Ansell, 51 Mo. 178. (2) Plaintiff, in good faith, frankly and truthfully stated to defendant's representative the facts. The agent prepared the application. He then informed plaintiff that the answers written therein were such as should be made upon the facts which plaintiff disclosed to him. Plaintiff was thereby induced to sign the same, and did so in reliance upon the statement made to him by the agent that it was satisfactory to the company. There is no pretense of any collusion between the agent and the assured, nor is there any evidence of fraud upon the part of either. Plaintiff fairly and correctly answered the questions and the agent assumed to put them in proper form in the application. The company is bound by his acts. 1 Joyce on Ins., secs. 472, 477 and 493; 2 Wood on Ins., pp. 843, 844; Ins. Co. v. Olmstead, 4 Am. Rep. 483; Kausal v. Ins. Co., 47 Am. Rep. 779; Ins. Co. v. Wilkinson, 13 Wall. 222; Ins. Co. v. Baker, 94 U. S. 610; Hotchkiss v. Ins. Co., 44 N. W. 1146; Ins. Co. v. Goode, 30 S. E. 366; Franklin v. Ins. Co., 42 Mo. 456; Combs v. Ins. Co., 43 Mo. 148; Parsons v. Ins. Co., 132 Mo. 583. (3) The defendant is in no position to ask that the policy be declared void. It has received the premiums and has never returned them, nor does it offer now to do so. Prentice v. Ins. Co., 77 N. Y. 489; Ins. Co. v. Chew, 38 N. E. 417; Ins. Co. v. Globe Trust Co., 62 N. W. 898. (4) It was perfectly competent for plaintiff, who was acquainted

with the value of his goods, to state what they were worth at the time they were burned. The fact that he was required by the policy to keep a set of books, and to exhibit them to the defendant when called upon, did not change the rules of evidence. The evidence objected to was competent. Brown v. Ins. Co., 46 Mo. App. 473; Ins. Co. v. Horton, 28 Mich. 173; 1 Thompson on Trials, sec. 380; Seyforthe v. Railroad, 52 Mo. 49; 1 Southerland on Damages (2 Ed.), sec. 445.

GANTT, P. J.—This is an action on a policy of insurance by defendant to plaintiff.

The policy contains this provision: "In consideration of the stipulation herein named, and of $72.85 premium, the American Insurance Company of St. Louis does insure Geo. C. Rissler for the term of one year from the twenty-first day of December, 1895, at noon, against all direct loss or damage by fire except as hereinafter provided, to an amount not exceeding $4,700 to the following described property, while located as described herein and not eleswhere, to wit; $200 on store and office furniture and fixtures including show cases and iron safe; $4,500 on stock of general merchandise."

The petition is one count.

Defendant filed a motion to compel plaintiff to elect upon which cause of action stated in the petition he would rely, which motion was overruled and defendant excepted.

The risk was solicited by E. H. Harris, a banker at Pilot Grove, and agent of defendant at that place.

The execution and delivery of the policy, the ownership of the property by plaintiff and its destruction by fire during the term covered by the policy, are not denied.

In the written application prepared by Harris, the agent, is the following stipulation: "And the said applicant hereby covenants and agrees to and with said company that the foregoing is a just, full and true exposition of all the facts and

circumstances in regard to the condition, situation, value and risks of the property to be insured, and said answers are to be considered the basis upon which this insurance is effected, and the same is understood to be incorporated in and as forming a part and parcel of the policy to be issued hereon, and a special warranty by and upon the part of the applicant." Plaintiff's name was signed immediately under the foregoing.

In the application the following questions and answers appear:

"How often do you take an inventory of stock?" A. "Yearly."

"Do you carefully preserve the inventory?" "Yes."

"What was the date of the last?" "January, 1895."

"What was the amount of the last inventory?" A. "$6,200."

"Do you keep a cash book and merchandise account?" A. "Yes."

"Have you ever suffered loss of property by fire?" A. "No."

It is admitted that plaintiff signed the application after the answers were written as above, with full knowledge that they were so written.

The defendant in its answer sought to avoid liability on the policy solely on the ground that the above answers were untrue; that plaintiff did not make an inventory yearly; did not take an inventory January, 1895, but his last inventory was January, 1894, and did not amount to $6,200 but to $5,500 only, and plaintiff previous to the time of the application had suffered loss by fire.

The reply set up, and the evidence introduced upon the trial established these facts: E. H. Harris, who issued the policy, was the agent of the defendant company. He had authority from it to solicit insurance, receive premiums and issue policies, which were left with him in blank. He could

make it a completed contract of insurance. He visited plaintiff at his place of business and offered to insure his stock of goods, as well as the furniture and fixtures contained in his storehouse. Defendant's said agent had with him a blank application, which he filled up in plaintiff's presence. When the questions in regard to the last inventory were asked, plaintiff told the agent that it was taken in 1895 or 1894, and that he did not remember which; that he had said inventory in his safe and started to get it and give the exact date. The agent wrote, "1895," and the amount, and told plaintiff that it was not material to examine the inventory for the exact date; that the train was coming upon which the agent desired to leave, and asked plaintiff to sign the application, which he did. The agent said in his testimony that Rissler told him that he would look at the inventory and get its date, but that he (the agent) replied that it didn't amount to anything anyhow, that the agent knew he had taken the inventory in 1894, because he had seen it, and that he had a full stock of goods. Plaintiff was prevented by the agent himself from giving him the exact date, and signed the application after having told the representative of the company, that he did not know whether the last one was taken in 1895 or 1894, and upon the representation, by the said agent, that it was not material for him to be particular about the exact date.

In answer to the question, whether he had ever suffered loss by fire, he called the attention of the agent to the fact that Huyett & Rissler, about five years before, had suffered a loss in a company represented by said agent. Mr. Harris replied that he knew all about that, but the question referred to fires where the plaintiff was alone concerned, and that it did not mean partnership loss. The agent had full information upon this subject and it was expressly called to his attention by plaintiff and the agent represented to plaintiff that the

question did not refer to any losses except those sustained by him individually.

The agent wrote and filled all the answers in the application and upon his statement that they were satisfactory and that he was in a hurry to make the train plaintiff signed the application.

The circuit court instructed the jury that if they believed the application was prepared by defendant's agent with full knowledge as to the date and amount of the plaintiff's last inventory and of the loss by fire suffered by plaintiff and his partner five years previous and that said agent had authority to solicit insurance for defendant, to collect premiums and issue its policies and that plaintiff had truthfully disclosed all the facts to said agent, then the policy could not be avoided on account of the written answers contained in the application.

Plaintiff upon the trial, testified that the goods destroyed by the fire were worth, at the time of the destruction thereof, about $7,500, and his fixtures and furniture, three or four hundred dollars. He also proved the value of the goods by his two clerks, who were familiar with the same. The defendant objected to this evidence because the policy required that an inventory should be taken, and books kept showing the daily transactions, the amount purchased for cash and on credit, and if plaintiff had these books, the loss could be arrived at with some certainty, and that his opinion of the value of the goods was not competent. The court overruled this objection, and permitted the witnesses to state what the goods destroyed were worth, and defendant excepted.

No notice was given by the defendant, requiring the production of the books and papers, and no request made for an opportunity to examine them.

There was a verdict and judgment for plaintiff for the amount of the policy, and the case is now here on defendant's

appeal. The three rulings of the lower court, referred to in the above statement are the errors assigned.

I. There was no error in refusing to require plaintiff to elect which cause of action he would prosecute. The petition only alleged one cause of action.

When a contract contains several stipulations, a petition which alleges breaches of the different stipulations is not open to the objection of having joined two causes of action in one count. [Comstock v. Davis, 51 Mo. 569; Brooks v. Ancell, 51 Mo. 178; Newton v. Miller, 49 Mo. 298.]

There is nothing in Trabue v. Dwelling House Insurance Company, 121 Mo. 75, which changes the rules of pleading. It was simply ruled in that case that the contract was a severable one and where for some reason the policy might be avoided as to the real estate insured, it might still be good as to the personal property.

II. The objection to the testimony of plaintiff as to the value of the goods is clearly not tenable. Let it be granted that the plaintiff was required to keep a set of books and that defendant by giving notice could have required plaintiff to produce said books, still this does not change well settled rules of evidence and determine that nothing but the books are evidence. The competency of the books did not render other evidence incompetent. [Seyfarth v. Railroad, 52 Mo. 449.] The evidence was not otherwise objectionable.

III. The decisive point however in this case was raised by the demurrer to the evidence, which was based upon the proposition that the written answers to the questions in the application were not true and that the knowledge of the agent who prepared the application and his construction of what the questions meant could not vary the policy.

The case certainly presents the question very sharply.

The evidence does not admit of a doubt that plaintiff frankly and truthfully stated the true facts to the agent in

regard to the previous fire which had destroyed the store of Huyett & Rissler, and that the agent advised him that the question only referred to a previous fire by which the plaintiff alone suffered loss. Equally clear is the fact that when the question was asked as to the time when the last inventory was taken plaintiff distinctly stated that he was not certain but would get the inventory itself and ascertain the date and was assured by the agent that he need not get it, that it was not material to look for the date of the inventory; that he knew he had taken an inventory in 1894, and was in a hurry to make the train which was then in sight and the agent wrote "1895" and by this means obtained plaintiff's signature.

There is not the slightest ground for charging fraud or collusion between the agent and plaintiff and none is charged.

Clearly the agent misled the plaintiff into supposing, first, that the firm's fire should not be reported, and, secondly, that the date of the last inventory was wholly immaterial.

Do the facts that his former firm had been burned out, and that the last inventory was made in 1894 instead of 1895, under the circumstances, avoid the policy?

In Parsons v. Fire Ins. Co., 132 Mo. loc. cit. 592, it was held by this court "that an agent of an insurance company authorized to make contracts of insurance in the name of his principal, to countersign, issue and deliver policies, and receive the premiums therefor, is clothed with the full authority of his principal, and may waive conditions contained in the printed policy he issues to the insured, to whom he stands in the place of his principal in making the contract of insurance."

The agent, Mr. Harris, in this case had all the powers enumerated in the Parsons case and that he waived the date of the last inventory and the mention of the fire by the assured is not open to doubt under the evidence.

That such an agent may waive the printed stipulations in the policy is now well supported by the highest authority. [1 Joyce on Insurance, secs. 472, 477 and 493, and authorities cited.]

In 2 Wood on Fire Insurance (2 Ed.), pages 842 and 844, it is laid down by the learned author that "in all cases where the agent, filling up the application, is clothed with real or apparent authority to make a contract of insurance, or to insure, and to bind the company in that respect, the agent knowing the facts, the principal is estopped from claiming that he has been misled by such omissions or misstatements," and "it has been held that the explanation of questions, is within the scope of the agent's authority, and that if through his direction or advice a question is erroneously answered, the principal must bear the consequences and not the assured."

These conclusions accord with our experience. The agent represents the company. He is presumed to be more intimately acquainted with the business of insurance than those whom he solicits. The average man relies upon the knowledge and skill of the agent to properly prepare the application and relies upon the authority which the agent assumes. He rightly considers that when the agent is told the facts that he knows which are material and which are not. It is within the apparent scope of the agent's authority to decide what is a satisfactory answer and when with full knowledge of the facts he assures the applicant for insurance that a portion of them are immaterial and himself erroneously misstates others without the slightest suggestion of fraud on the part of the insured, the company who accredits him must suffer from his mistakes and not the innocent policy holder. [Franklin v. Fire Ins. Co., 42 Mo. 456; Combs v. Ins. Co., 43 Mo. 148; Ins. Co. v. Olmstead, 21 Mich. 246; s. c., 4 Am. Rep. 483; Kausal v. Ins. Ass'n, 31 Minn. 17; s. c., 47 Am. Rep. 776; Ins. Co. v. Wilkinson, 13 Wall.

(U. S.) 222; Ins. Co. v. Baker, 94 U. S. 610; Hotchkiss v. Ins. Co., 44 N. W. 1106; Parsons v. Ins. Co., 132 Mo. 583.]

In Combs v. Ins. Co., *supra*, this court said, "when the disclosure respecting the solicited risk is frank and full, and the insurance company accepts it and appropriates the premiums, and a subsequent loss occurs, the indemnity contracted for should be fairly met and realized to the assured."

This case presents the naked question whether an insured must lose his insurance because the agent to whom he made a full and honest disclosure made a mistake as to what statements were material to the risk and by his advice leads the insured to make an erroneous statement or a misstatement.

We hold that the loss must fall on the company on the ground that the knowcldge of its agent is imputable to it and knowing all the facts when it takes the premium and assumes the risk it is estopped to set up and repudiate the indemnity because of the carelessness, ignorance or fraud of its own representative, which it has clothed with the full authority of the principal. Were we to hold otherwise, in the language of Judge COOLEY in Ins. Co. v. Olmstead, *supra,* "it is easy to see that the community is at the mercy of these insurance agents, who will have little difficulty in a large proportion of the cases, in giving a worthless policy for the money they receive."

It is no hardship to hold insurance companies bound for the acts of its agents whom it authorizes to solicit insurance and countersign, issue, and deliver its polices.

The old maxim "*qui facit per alium, facit per se*" applies in all its ancient vigor to such a case.

We find no error in the judgment of the circuit court and it must be, and is affirmed. SHERWOOD and BURGESS, JJ., concur.