HUDSON COUNTY CIRCUIT COURT.

SIMON O'SHAUGHNESSY, PLAINTIFF, v. BAYONNE NEWS COMPANY, A CORPORATION OF NEW JERSEY, AND HERMAN HOOFMAN, DEFENDANTS.

For the plaintiff, *Bennett A. Robbins* (*Charles W. Broadhurst,* of counsel).

For the defendants, *Stein, McGlynn & Hannoch.*

ACKERSON, J.  This action is brought to recover damages resulting from the alleged negligent operation of an automobile.

The complaint alleges that plaintiff by the express invitation of defendants became and was a passenger in the automobile truck owned by the defendant Bayonne News Company, and operated by its agent, the defendant Herman Hoofman, and that defendants—

"So negligently, carelessly and recklessly operated the same that the plaintiff while lawfully alighting from said automobile truck at or near the intersection of said Grove street with Eighth street, in said city of Jersey City, was caused to be thrown therefrom and under the wheels of said automobile, and as a result thereof sustained serious injuries. The negligence of the defendants consisted in this:

"(a)  Said automobile truck was being driven and operated by an incompetent driver.

"(b)  The operator of said automobile truck failed to make any observation as to the position of the plaintiff while lawfully alighting from said automobile, and started said automobile before plaintiff had completely alighted therefrom.

"(c) The operator of said automobile truck failed and neglected to give plaintiff any warning of his intention to start said automobile while plaintiff was still alighting therefrom."

The plaintiff now moves to amend his complaint in advance of trial by adding a new paragraph reading as follows:

"The operator of said automobile truck negligently and carelessly and without warning started the same after the plaintiff had alighted therefrom and while the plaintiff was in the act of crossing said Grove street, a public highway, in front of said truck."

The motion to amend is resisted by the defendants upon the ground that the proposed amendment would be substituting a new cause of action after the statute of limitations had run.

The accident happened on February 25th, 1928, and the two-year statutory period of limitation ran against the plaintiff's cause of action on February 25th, 1930, more than eleven months prior to this application to amend.

As was said by the late Mr. Justice Katzenbach, in the case of *Wilson* v. *Dairymen's League Co-operative Assn.*, 105 *N. J. L.* 190:

"In the early days of our jurisprudence, many actions were brought to a summary conclusion by reason of mistakes as to form. These decisions resulted frequently in miscarriages of justice. The only meritorious result of dismissing suitors on technicalities was to create a bar adept in the science of pleading. For many years the trend has properly been in the other direction. The aim of courts and legislatures is to abolish technicalities and enable suitors to have the merits of their controversies fully tried."

It may be that under sections 23 and 24 of the supplement to our Practice act of 1912 (*Pamph. L.* 1912, *p.* 381), which confers upon the court the power to permit "before or at the trial the statement of a new or different cause of action in the complaint or counter-claim," that this proposed amendment may be made whether it states a different ground for the action or not. *Giardini* v. *McAdoo*, 93 *N. J. L.* 138, at bottom of page 148. But it is unnecessary, as I conceive it,

to rest the determination of this motion upon any such consideration, for I do not consider that the proposed amendment substantially changes the plaintiff's claim.

It is quite generally held that if the identity of the transaction forming the cause of action originally declared upon is adhered to, an amendment is not ordinarily regarded as substantially changing the plaintiff's claim or as stating a new or substantially different cause of action. So an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or, if the gist of the action or the subject of controversy remains the same; and this is true although the form of liability asserted, or the alleged incidents of the transaction may be different. Technical rules will not be applied in determining whether the cause of actions stated in the original and amended pleadings are identical,. since in a strict sense almost any amendment may be said to change the original cause of action. 49 *C. J.* 510, 511.

In a tort action an amendment may vary the statement of the original complaint as to the manner in which the plaintiff was injured, or as to the manner of the defendants' breach of duty, without necessarily setting up a new cause of action. 49 *C. J.* 316, § 679 (see cases cited in foot notes); *Swank* v. *Pennsylvania Railroad,* 94 *N. J. L.* 552; *Duffy* v. *McKenna,* 82 *Id.* 62; *Giardini* v. *McAdoo, supra; Miller* v. *West Jersey, &c., Railroad Co.,* 76 *Id.* 282; *Seaboard Air Line* v. *Renn,* 241 *U. S.* 290; *Texas and Pacific Railway* v. *Cox,* 145 *Id.* 593; *Missouri, Kansis and Texas Railway Co.* v. *Wulf,* 226 *Id.* 570; *Hermecken* v. *Seaboard,* 239 *Id.* 353; *Ingwerson* v. *Chicago, &c., Railroad Co.,* 150 *Mo.* 374; 130 *S. W. Rep.* 411.

In the case *sub judice* the injury charged in the original complaint was alleged to have arisen out of the negligent operation of defendants' automobile. The place where the plaintiff was injured is not the gist of the cause of action. Whether he was injured while alighting from the automobile

or while passing in front of it, are mere incidents of the wrong done; the subject of the controversy remains the same and the gravamen of the complaint, the real wrong done, was the negligent operation of the automobile. It makes no difference to the cause of action that in the first instance the plaintiff may have been an invitee in the car, and in the second a pedestrian in the street. The duty required of the defendants, and the degree of care exacted in each instance was the same, and in either event there could be no cause of action, unless the car was improperly operated by the owner's agent.

The defendants rely upon the case of *Doran* v. *Thomsen,* 79 *N. J. L.* 99, as a precedent for the denial of this motion. In that case, however, the charge of negligence, as stated in the original declaration, was made to depend upon the allegation that the automobile was carelessly operated by the defendant's daughter as his agent. The gist of the action was the negligence of a servant imputed to his master, and not the direct negligence of the master himself. As it was proposed to amend the declaration, the negligence counted on was of the father himself in supplying his inexperienced daughter with a dangerous machine, and its gist was the negligence of the father himself. Here there was an effort to change the gist of the action or the subject of the controversy, giving rise to a different cause of action. In the case *sub judice,* however, the proposed amendment would not change the gist of the action or subject of controversy which is the negligent operation of the defendants' automobile by his servant or agent. The proposed amendment would merely change the position of the plaintiff at the time he claims to have been injured by the negligent starting of the automobile.

For the reasons already indicated the plaintiff's motion to amend his complaint in the manner proposed will be granted.