17 N.J. Super. 290 (1952)
85 A.2d 827
LEONA LEVEY, MARION GOODMAN, LYLA HOROWITZ, ROSALINE HOROWITZ, BY HER GUARDIAN AD LITEM, SARAH HOROWITZ, AND STELLA MICEK, PLAINTIFFS,
v.
NEWARK BETH ISRAEL HOSPITAL, A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided January 15, 1952.
*291 Messrs. Roskein & Laird (Mr. John A. Laird appearing), attorneys for plaintiffs.
Messrs. Cox & Walburg (Mr. William H.D. Cox appearing), attorneys for defendant.
COLIE, J.S.C.
This is a motion to amend the complaint in a negligence action. The complaint alleged that in May, 1948, while plaintiffs were employed in the defendant hospital, "there had been confined in said hospital a patient suffering from a disease known as infectious mononucleosis and a condition of the liver, which conditions the defendant knew or should have known were highly infectious * * *; that due and proper care and proper medical practice required that any patient so suffering should be isolated and so managed *292 and guarded as to prevent the spreading of such infection * * *; that due and proper care was not taken by the defendant * * * and that as a result of such negligence * * * the plaintiff(s) contracted infectious mononucleosis complicated by hepatitis" and as a result became ill and sustained damages which they now seek to recover.
The amendment seeks recovery on the allegation above quoted and also upon an allegation that "the defendant was negligent in failing to properly diagnose (their) condition, and was thereafter negligent in the treatment accorded * * * after (the) true condition was discovered, which improper treatment included a failure to provide adequate rest and an adequate period for proper recuperation, before being ordered to return to duty."
The statute has run against the institution of a new suit and the question for decision is whether the amendment to the complaint which the plaintiffs now seek leave to file, states a new and different cause of action.
Rule 3:15-1 provides that "a party may amend his pleading only by leave of court * * *; and leave shall be freely given when justice so requires." The question of whether or not an amendment will be allowed after the running of the statute of limitations has been before the Supreme Court. In Russo v. Wright Aeronautical Corp., 1 N.J. 417 (1949) it was said:
"`* * * an entirely new and different cause of action cannot be introduced after the statute has tolled the action.' But it is equally well settled `that an amendment will not, as a rule, be held to state a new cause of action, if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or if the gist of the action or the subject of controversy remains the same.' (Citing cases.) `"Gist" is the essential ground or object of the action in point of law, without which there would be no cause of action; the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; * * *.'"
Thereafter, in Welsh v. Bd. of Ed. of Tewksbury Tp., 7 N.J. Super. 141 (App. Div. 1950) the court said:
*293 "It has been the firmly implanted rule that an entirely new and distinctly different cause of action cannot by means of an admendment of the pleadings be introduced after the statute has tolled the action. (Citing cases.)
The existing liberality in permitting amendments is bestowed to prevent legalistic technicalities from impeding, or obstructing, the paramount aspiration to promote substantial justice in all litigious controversies. The present progressive judicial policy is not, however, intended to afford a refuge to languid and dilatory litigants. * * *
It would be supremely impracticable, if not pernicious, to condone a practice which would permit adventurous litigants by means of successive amendments to the pleadings in the original action to prosecute, seriatim, a procession of distinctly disparate causes of action and thus elude the statutory limitations of time. * * *
* * * Where a statute of limitations is involved, unwarranted graciousness might well constitute an unjustifiable judicial trespass upon the legislative field."
With these statements as criteria, the question becomes one of determining whether the "gist" of the original complaint and the sought for amendment are the same. The plaintiffs urge that there is no substantial change in the nature of the claim and rely upon O'Shaughnessy v. Bayonne News, 9 N.J. Misc. 345 (Cir. Ct. 1931); 109 N.J.L. 271 (E. & A. 1932):
"So an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or, if the gist of the action or the subject of controversy remains the same; and this is true although the form of liability asserted, or the alleged incidents of the transaction may be different. Technical rules will not be applied in determining whether the cause of actions stated in the original and amended pleadings are identical, since in a strict sense almost any amendment may be said to change the original cause of action. 49 C.J. 510, 511.
In a tort action an amendment may vary the statement of the original complaint as to the manner in which the plaintiff was injured, or as to the manner of the defendants' breach of duty, without necessarily setting up a new cause of action."
No entirely satisfactory definition of a cause of action has as yet been enunciated but a generally accepted definition is that a cause of action is "the fact or facts which establish *294 or give rise to a right of action, the existence of which affords a party a right to judicial relief." 1 Am. Jur., Actions, p. 404.
Confusion arises from confounding the cause of action, that is, the invasion of the right of the plaintiff, on the one hand and on the other hand the damages that flow therefrom. If the plaintiffs establish that there was negligence from the failure to exercise reasonable precautions in isolating the patient with the infectious disease, presumably a cause of action arises. If they establish that there was negligence in diagnosis and treatment, it may well be that they have a cause of action therefor but that is a far cry from saying that the latter is not a new and different cause of action. Referring to the definition of "gist," quoted earlier in this opinion, it would be well to consider the fact that the plaintiffs might recover in an action based upon the sought-for amendment and not even assert the earlier ground set forth in the complaint. That such a result might readily follow, in the event that the amendment was allowed, seems to point up the fact that the second ground upon which plaintiffs seek to recover is both new and different. The evidence to support the two bases for recovery would, or might, be entirely different. In the first action, the negligence might well be the failure of the management personnel of the hospital, whereas in the second cause of action, grounded upon erroneous or faulty diagnosis, presumably the negligence would be that of the doctors who attended plaintiffs. Parenthetically, the doctors might or might not be the agents of the hospital. It seems clear that what plaintiffs now seek is to set up a new and different cause of action after the statute has run. That they may not do and the motion to amend is denied.