106 N.J. Super. 248 (1969)
254 A.2d 824
WILLIAM KINGSLEY, ACTING DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, PLAINTIFF,
v.
WES OUTDOOR ADVERTISING COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, District Court, Ocean County.
Argued June 4, 1969.
Decided June 18, 1969.
*249 Mr. T. Robert Zochowski, Deputy Attorney General, for plaintiff (Mr. Arthur J. Sills, Attorney General, attorney).
Mr. Alfred A. Faxon, III, for defendant (Messrs. Hartman, Schlesinger, Manuel & Schlosser, attorneys).
The opinion of the court was delivered by GROSSMAN, J.C.C. (temporarily assigned).
This is an action commenced in the Ocean County District Court by the acting director, New Jersey Division of Taxation, for the collection of statutory penalties. Defendant is a corporation engaged in the business of providing outdoor advertising for customers. Plaintiff contends that defendant erected and maintained a number of outdoor advertising structures in Ocean County without permits, in violation of the provisions of N.J.S.A. 54:40-50 et seq.
The complaint is in eight counts. The first seven counts allege the illegal erection and maintenance of ten outdoor advertising structures over varying periods of time. The eighth count demands reimbursement to plaintiff for the expense of removing four of said structures, together with a penalty in the amount of twice the cost of removal, pursuant to N.J.S.A. 54:40-57.
After trial the court found plaintiff had proved its causes of action as to all structures, save two, in counts one and four. In addition, the court found the actual charge of $2,000 for removing four structures paid by plaintiff to another outdoor advertising company was totally unreasonable. It concluded that $1,000 would not have been unreasonable *250 and proceeded to enter judgment on behalf of plaintiff on the eighth count in the sum of $2,030  $1,000 plus the statutory penalty and a sales tax of $30.
At the same time, the court sought to assess the penalties in connection with the remaining five counts. N.J.S.A. 54:40-65 provides for penalties of not less than $50 nor more than $200 a day for each violation. Each day of violation is declared to be a separate offense. Considering that the actions of defendant were in flagrant disregard of the statute, the court imposed penalties of $100 per day for each violation. The total for all violations contained in the five counts amounted to $57,200, or 572 days of separate infractions. Together with the judgment for the eighth count, the total came to $59,230.
Defendant objects to the entry of judgment in this amount, contending that the county district court lacks jurisdiction to enter judgment in any amount in excess of $1,000. It cites N.J.S.A. 2A:6-34, the pertinent portion of which reads as follows:
"(a) Every action of a civil nature at law * * * and every action to recover any penalty imposed or authorized by any law of this State, where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of $1,000.00 * * * shall be cognizable in the county district courts of this State."
Defendant argues that the county district court is a court of limited jurisdiction, the limits of which have been fixed by the Legislature at $1,000 in penalty actions. This is a penalty action; therefore, plaintiff cannot recover more than $1,000 in total penalties. The court does not agree with this argument.
This action was commenced in the county district court by virtue of N.J.S.A. 54:40-67. It provides:
"Penalties set forth in this act shall be sued for by and in the name of the director and shall be recoverable with costs. Every county district court and municipal court shall have jurisdiction to enforce the provisions of this act. Any proceeding for a violation of this act may *251 be brought in the county or municipality where the violation occurs or where the violator resides, has a place of business or principal office."
Thus, there appears to be a conflict between the jurisdictional provisions of the two acts. Which statute should control?
Every authoritative sign post points to N.J.S.A. 54:40-67. R.R. 7:13-1 declares that the procedure for collection of statutory penalties by a summary civil proceeding shall be in accordance with said rule in any court upon which jurisdiction is conferred by the statute imposing the penalty. Furthermore, the Penalty Enforcement Act, N.J.S. 2A:58-2 refers to the statute imposing the penalty to determine which court may have jurisdiction to hear the action. Finally, there is the established principle that where there is a seeming conflict between a general statute (N.J.S. 2A:6-34) and a specific statute (N.J.S.A. 54:40-67) covering the subject in a more definite way, the latter shall prevail. Goff v. Hunt, 6 N.J. 600 (1951).
However, there is more apparent than real disparity between these two acts. Both can be read together to make perfect sense and harmony. N.J.S.A. 54:40-65 creates penalties of $50 - $200 a day for each violation, each day to be considered a separate offense. When two sections later the Legislature conferred jurisdiction upon the county district court to hear these penalty actions, it could hardly have meant only those violations not exceeding five days by any one person. Such would have defeated the clear intent to prosecute violators swiftly and effectively, spelled out by reading the act as a whole. The only sensible conclusion is that the Legislature meant what it said when it provided that each day was to be a separate violation, and consequently a separate cause of action.
Defendant concedes that plaintiff could have instituted 572 separate suits in the county district court, each calling for penalties of under $1,000. These, of course, could be consolidated for trial. If that could be done, it must be conceded *252 that plaintiff could have brought an action with 572 separate counts.
"One of the fundamental objectives of our judicial system under our State Constitution (1947) and the rules of court is to avoid the delays and wasteful expense of a multiplicity of litigation resulting from the splitting up of a controversy." Rego Industries, Inc. v. American Mod. Metals Corp., 91 N.J. Super. 447, 454 (App. Div. 1966).
Imagine the absurd and horrendous result of 572 suits by the State of New Jersey against any individual. Such a procedure would be unthinkable. Therefore, if it is conceded that reason must prevail over form, so that one action could have included 572 counts, surely those counts could be further digested into fewer counts for the sake of brevity and sanity. Defendant does not claim that it was misled or prejudiced by the combining of these claims into fewer counts.
It is the opinion of this court that as to the first seven counts, each day's violation constituted a separate cause of action. "Cause of action" has been defined as the "fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief." Levey v. Newark Beth Israel Hospital, 17 N.J. Super. 290, 293-94 (Cty. Ct. 1952). In this case the Legislature has provided that each day's violation is a separate offense; therefore, a separate cause of action. Plaintiff must prove that defendant was in violation each and every day. It is not a continuing offense. That being so, there were 572 separate causes of action, each under the jurisdictional limit of $1,000. As to the eighth count, there were four signs removed, each of those being a separate cause of action, despite their joinder in one count in the pleadings. Since the cost and penalty as found by the court as to each did not exceed $1,000, these matters were within jurisdictional limits.
Any other result would have unreasonable and bizzare consequences. The only other court in which plaintiff could have commenced this action would have been a municipal *253 court. N.J.S.A. 54:40-67. Since there is no jurisdictional limit imposed by statute on that court, presumably it could have entered judgment in the same or greater amount without objection. Moreover, a vengeful plaintiff could institute some complaints in one court and some in the other, forcing defendant to suffer the tortures of multiple litigation. It is interesting to note that the statute creating the general jurisdiction of municipal courts does not even mention penalty actions. N.J.S.A. 2A:8-1 et seq. Again, one must look to the special statute creating jurisdiction, in this case N.J.S.A. 54:40-67, rather than the general one.
From any view, if sense and reason are to guide our trial procedure, the court must reject defendant's argument. Consequently, defendant's motion to limit the judgment to $1,000 is denied. Judgment will be entered in the sum of $59,230, together with costs to be taxed, in favor of plaintiff and against defendant.