WILLIAM KINGSLEY, ACTING DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WES OUTDOOR ADVERTISING COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued January 5, 1970—Decided March 2, 1970

Mr. *Alfred A. Faxon, III,* argued the cause for appellant (Messrs. *Schlesinger, Manuel and Schlosser,* attorneys).

Mr. *T. Robert Zochowski,* Deputy Attorney General, argued the cause for respondent (Mr. *Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

HANEMAN, J. The issue here projected is whether a County District Court has jurisdiction to enter a judgment for the recovery of a penalty in excess of $1,000 under the Outdoor Advertising Act, *N. J. S. A.* 54:40–50 *et seq.*

Plaintiff instituted suit in the Ocean County District Court for alleged violations of *N. J. S. A.* 54:40–50 *et seq.,* in accordance with the provisions of said statute. The complaint was in eight counts. The first seven counts sought the recovery of a penalty for the alleged illegal erection and maintenance of outdoor structures over varying periods of time. See *N. J. S. A.* 54:40–65. The eighth count sought the recovery of a penalty for the removal of illegally maintained advertising structures. See *N. J. S. A.* 54:40–57. The court found for plaintiff on five of the first seven counts,

assessing a penalty of $100 for each daily violation and for plaintiff on the eighth count, assessing a penalty of double the State's actual cost for the removal of the four structures. The judgment was entered for $59,230, representing the total of the penalties for which defendant had been found liable. Defendant objected to the entry of judgment on the ground that it was in excess of $1,000 and therefore beyond the jurisdiction of the County District Court. The court overruled defendant which appealed to the Appellate Division. Before argument there this Court certified on its own motion. *R.* 2:12–1. Defendant does not contest the factual findings of the court.

*N. J. S. A.* 54:40–57 provides that for the removal of an outdoor advertising sign, maintained or used and not authorized by a valid permit issued under Title 54

The director may recover from such owner or person as a penalty double the cost of its removal or the sum of $50.00, whichever is greater.

*N. J. S. A.* 54:40–65 provides as far as here pertinent:

Any person, firm or corporation which shall erect, use or maintain any advertising structure * * * without complying with all of the applicable provisions of this act, shall be liable to a penalty of not less than $50.00 nor more than $200.00 for each offense, and in default of the payment of such penalty shall be imprisoned for a period not to exceed 30 days. Each day of violation shall be deemed to be separate offense.

*N. J. S. A.* 54:40–67 provides as far as here pertinent:

Penalties set forth in this act shall be sued for by and in the name of the director and shall be recoverable with costs. Every county district court and municipal court shall have jurisdiction to enforce the provisions of this act. Any proceeding for a violation of this act may be brought in the county or municipality where the violation occurs or where the violator resides, has a place of business or principal office. The proceeding shall be summary in nature and in accordance with the Penalty Enforcement Law (*N. J. S.* 2A:58–1 *et seq.*).

Defendant argues that the jurisdiction of the County District Court in an action to recover a penalty under *N. J. S. A.* 54:40–50 *et seq.,* is limited by *N. J. S. A.* 2A:6–34(a) which provides in part that:

\* \* \* every action to recover any penalty imposed or authorized by any law of this State, where the debt, balance, penalty, damage or cther matter in dispute does not exceed, exclusive of costs, the sum or value of $1,000.00, \* \* \* shall be cognizable in the county district courts of this State.

These statutes must be read together as they are *in pari materia. Loboda v. Clark Tp.,* 40 *N. J.* 424 (1963); *Morris Co. Industrial Park v. Thomas Nicol Co.,* 35 *N. J.* 522 (1961); *Key Agency v. Continental Cas. Co.,* 31 *N. J.* 98 (1959); *Harvey v. Essex County Board of Freeholders,* 30 *N. J.* 381 (1959); *City of Clifton v. Passaic County Board of Taxation,* 28 *N. J.* 411 (1958). It is only logical to conclude that the legislature must have had the general jurisdictional act, *N. J. S. A.* 2A:6–34(a), in mind when it adopted the specific statute *N. J. S. A.* 54:40–67, and intended that the limitation in the former act should not apply to the latter. This conclusion is further strengthened by *N. J. S. A.* 2A:58–2, which reads:

Every county district court, county court, and any court upon which, or any magistrate or other judicial officer upon whom, jurisdiction is conferred by the statute imposing the penalty, *shall have jurisdiction* of proceedings *for the enforcement of any such penalty.*" (Emphasis supplied)

When there is a conflict between a general and a specific act on the same subject, the latter shall prevail. *State, by Highway Com'r. v. Dilley,* 48 *N. J.* 383 (1967); *State v. Hotel Bar Foods, Inc.,* 18 *N. J.* 115 (1955); *Goff v. Hunt,* 6 *N. J.* 600 (1951); *Hackensack Water Co. v. Division of Tax Appeals,* 2 *N. J.* 157 (1949). Accordingly, the $1,000 jurisdictional restriction against the recovery of a penalty contained in *N. J. S. A.* 2A:6–34(a) was superseded by the specific provision of *N. J. S. A.* 54:40–67, and does not apply to *N. J. S. A.* 54:40–67.

Additionally, it is to be noted that the first seven counts each allege that every day that defendant maintained a sign at the described location constituted a separate violation of the Outdoor Advertising Act and a separate offense for which defendant was liable for a penalty. Plaintiff consolidated allegations of 572 independent separate daily violations. The eighth count consolidated four separate actions—one each for a penalty for the removal of a separate, distinct advertising structure—allegedly illegally erected. We are not here confronted with a suit for *one penalty* for which a $59,230 judgment was recovered but rather with one suit for the recovery of 576 penalties for which an aggregate judgment of $59,230 was entered.

It is conceded by defendant, as indeed it must be, that plaintiff could have brought 576 separate suits — 572 for the penalties provided by *N. J. S. A.* 54:40-65 and four for the penalties provided by *N. J. S. A.* 54:40-57, as the statute provides that "each day of violation" is a "separate offense" and subjects the violator to a separate penalty. Had plaintiff brought 576 individual suits, the trial court could, either on motion of counsel or its own motion, have consolidated the causes for trial and entered separate judgments for each offense. On the other hand, the trial court could as well here have ordered a separate trial of each of the 576 counts, *R.* 4:38-2(a) and entered separate judgments, one for each violation. In practical reality, the suit was not for a single penalty in excess of $1,000 but, as noted, for 576 penalties, no one of which exceeded $1,000. It follows that the action and resulting judgment did not violate the restriction of *N. J. S. A.* 2A:6-34(a).

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal* — NONE.