205 N.J. Super. 544 (1985)
501 A.2d 575
THE COUNCIL OF PRIVATE SCHOOLS FOR CHILDREN WITH SPECIAL NEEDS, INC., A NEW JERSEY CORPORATION ORGANIZED NOT FOR PROFIT, APPELLANT,
v.
SAUL COOPERMAN, COMMISSIONER OF EDUCATION AND THE STATE OF NEW JERSEY, DEPARTMENT OF EDUCATION, RESPONDENT.
THE ASSOCIATION OF SCHOOLS AND AGENCIES FOR THE HANDICAPPED, APPELLANT,
v.
SAUL COOPERMAN, COMMISSIONER OF EDUCATION AND THE STATE OF NEW JERSEY, DEPARTMENT OF EDUCATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1985.
Submitted October 17, 1985.
Decided November 27, 1985.
*545 Before Judges BRODY, GAYNOR and BAIME.
Kenneth D. Roth argued the cause for appellant The Council of Private Schools for Children With Special Needs (Davis, Reberkenny & Abramowitz, attorneys; Kenneth D. Roth, on the brief).
Myers, Matteo, Rabil & Norcross, attorneys for appellant The Association of Schools and Agencies for the Handicapped (David F. Norcross, on the brief).
Alfred E. Ramey, Jr., Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Alfred E. Ramey, Jr., on the brief).
Argued (A-6044-83T7) October 17, 1985.
Submitted (A-531-84T7) October 17, 1985.
The opinion of the court was delivered by BRODY, J.A.D.
Each of these appeals, which we now consolidate, is brought by a different association of private schools engaged in the education of handicapped children. The appeals challenge the facial validity of most of the State Board of Education (the State Board) regulations, effective September 4, 1984, entitled "Tuition for Private Schools for the Handicapped," N.J.A.C. *546 6:20-4.1 through 4.8. The regulations apply only to those private schools to which local boards of education send handicapped children for instruction, pursuant to N.J.S.A. 18A:46-14(g), as the means of satisfying the districts' duty "to provide suitable facilities and programs of education for all the children who are classified as handicapped...." N.J.S.A. 18A:46-13.
The regulations under attack impose stringent bookkeeping and accounting practices (N.J.A.C. 6:20-4.2), require the submission of detailed budgets (N.J.A.C. 6:20-4.3), prohibit inclusion of numerous specified costs in calculating tuition (N.J.A.C. 6:20-4.4), limit a school's profit to 2.5% of its per pupil approved costs (N.J.A.C. 6:20-4.5), permit only non-profit schools to establish a "working capital fund" within their tuition structure (N.J.A.C. 6:20-4.6), and require annual detailed audits by the Department of Education (N.J.A.C. 6:20-4.8). We reject appellants' contentions that the regulations are ultra vires and facially confiscatory.
The Legislature has provided for the education of handicapped children in Chapter 46 of the school laws, N.J.S.A. 18A:46-1 et seq. A private school receiving pupils from a local public school district may not charge the local board tuition that exceeds "the maximum day class cost of education per pupil of children in similar special education classes in New Jersey public schools as determined according to a formula prescribed by the commissioner [of education] with the approval of the state board." N.J.S.A. 18A:46-21.
The Legislature has expressed concern for the quality of education for handicapped pupils as well as its overall cost to the public. Thus the "commissioner with the consent of the State board shall, according to the rules and regulations prescribed by him and approved by the State board, approve all special facilities and education programs which meet the requirements of [Chapter 46]." N.J.S.A. 18A:46-15(a). In further pursuit of quality education for handicapped pupils, "[t]he commissioner may require at such time, and in the manner and *547 on forms prescribed by him, such educational, financial and statistical reports as he may deem necessary to carry out the purpose of [Chapter 46]." N.J.S.A. 18A:46-19. Finally, the Legislature has given the State Board broad authority to adopt regulations to implement the school laws. N.J.S.A. 18A:4-15 and 16.
The regulations under review reflect the State Board's determination that the quality of education provided by private schools receiving handicapped pupils is directly related to the amount of tuition that the schools spend on approved educational costs. We may not upset that determination because it was reasonably made in the exercise of authority the Legislature has given the State Board. See Campbell v. Dept. of Civil Service, 39 N.J. 556, 562 (1963). The regulations are reasonably designed to carry out that determination and the broader constitutional and statutory goal of offering children a thorough and efficient free education. The regulations, facially at least, must therefore stand. See D.S. v. East Brunswick Tp. Bd. of Ed., 188 N.J. Super. 592, 605 (App.Div. 1983), certif. den., 94 N.J. 529 (1983).
Appellants argue that N.J.S.A. 18A:6-4 protects private schools from the kind of governmental intrusions that these regulations impose. That statute, first adopted in 1903, provides in part that "no private school shall be required to report [to the commissioner] concerning its expenses or finances...." The provision is part of Chapter 6 of the school laws, N.J.S.A. 18A:6-1 et seq., that contains general provisions relating to the educational system. By contrast, Chapter 46, on which the regulations are grounded, provides specifically for the education of handicapped pupils and was first adopted over a half century after the adoption of Chapter 6. "When there is a conflict between a general and a specific act on the same subject, the latter shall prevail." W. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339 (1970). Private schools that choose to receive handicapped public school pupils under Chapter 46 must therefore relinquish some of the privacy and *548 control over their affairs that they otherwise would have under the general provisions of Chapter 6.
We are unable to say on this record whether the regulations are confiscatory as applied to a particular private school. Appellants lay special emphasis on the facial inadequacy of 2.5% of tuition as a profit. The adequacy of that profit cannot be weighed without knowing such facts as a particular school's capital investment, enrollment and approved costs. We do not foreclose any private school from questioning the reasonableness of any of the regulations as applied to it. See Meadowlands Reg. Redevelopment Agency v. State, 63 N.J. 35, 45 (1973), app. dism., 414 U.S. 991, 94 S.Ct. 343, 38 L.Ed.2d 230 (1973).
The regulations under review are sustained.