664 A.2d 1305

EGG HARBOR RIVER CAMPGROUND AND PAUL ST. JAMES, PLAINTIFFS, v. ATLANTIC COUNTY CONSTRUCTION BOARD OF APPEALS, DEFENDANT.

Superior Court of New Jersey
Law Division (Civil) Atlantic County

Decided June 6, 1995.

SELTZER, J.S.C.

This motion requires a determination of the circumstances under which citations for multiple construction violations constitute a single action of a Code Enforcement Officer for purposes of calculating the filing fees for appeal to the Construction Board of Appeals. I decide that so long as the matter considered on appeal relates to a controversy between one municipality and one individual concerning one tract of land, only one appeal is involved and only one fee may be collected.[1]

The issue arises in this context: plaintiff is the owner of a campground in Egg Harbor Township. The property is designated as Lot 14 in Block 26D on the Township tax map. It is, however, sufficiently large to accommodate one hundred twenty-five vacation cottages which are commonly known within the recreation vehicle industry as park models or units. Some units are owned by individuals who pay a ground rent to plaintiff. The

---

[1] This opinion supplements that portion of a bench opinion which dealt with fees. The balance of the bench opinion is not amplified.

remaining units are owned by plaintiff and leased to campers and vacationers.

On February 19, 1993, the Code Enforcement Official inspected the premises and issued twenty-two separate Notices and Orders of Penalty to plaintiff. The penalties were assessed, pursuant to *N.J.A.C.* 5:23–2.31(b)(4) and 5:23–2.31(c), to deal with non-conforming work when penalties will "be likely to bring about compliance."

Thereafter, plaintiff contested the proposed penalties by filing with the Construction Board of Appeals an "application for appeal" as is authorized by *N.J.A.C.* 5:23–2.35. Subsection (d) provides that the "application shall be accompanied by a fee in the sum of $50.00 unless established otherwise by the local or county governing body." No other fee had been established by either body.

Although only one "application for appeal" was filed, the Construction Board of Appeals treated each violation separately and assessed a filing fee of $1,100. At oral argument, I was advised that although this issue arises with some frequency, there is no uniform method of deciding it. I was also advised that the penalties for separate violations might—in the Code Enforcement Officer's discretion—be placed on a single form. Thus, a single building with multiple violations might be assessed penalties on one form listing multiple violations or on multiple forms each listing one violation.

Under those circumstances, it does not seem appropriate to commit to the local Code Enforcement Officer the ability to determine the fee for contesting the enforcement decision. Moreover, it seems that to the extent violations (or penalties for violations) relate to a single parcel owned by a single entity, there is only one controversy. The action to which objection is taken is the imposition of penalties relating to a given tract. An appeal from the decision to impose those penalties is one appeal, even if the penalties relate to multiple violations.

This result is consistent with the internal structure of the Uniform Construction Code, proceedings in other forums, and with fundamental fairness.

The Uniform Construction Code contemplates a single document which notices multiple violations. *N.J.A.C.* 5:23–2.30(1) provides that a notice shall contain, "a citation to the sections of the regulations violated; an order to terminate violations within a time specified in the order; *the amount of penalty assessed, if any, and if cumulative, an explanation of the method of computation*" (emphasis added).

Similarly, *N.J.A.C.* 5:23–2.35 provides that an owner (plaintiff here) "may appeal to the Construction Board of Appeals" from any decision of the Code Enforcement Officer including "the assessment of any monetary penal*ties*" (emphasis added). Here, there was a decision to assess monetary penalties and an appeal from that decision. That appeal should carry the announced filing fee of $50.

This is analogous to the procedure used in other forums. A Superior Court complaint, requiring only one filing fee, may contain multiple causes of action against one defendant. Filing fees are charged with respect to the litigants, not the causes of action. Similarly, a Tax Court complaint, requiring only one filing fee, may be filed as to an individual lot and block even though the complaint appeals from assessments relating to both land and improvements. *R.* 8:3–1. Indeed, a complaint may include appeals from assessments of contiguous property in common ownership. *R.* 8:3–5(a)(2).

Moreover, fundamental fairness requires this result. Any other decision would vest in the Code Enforcement Officer an unfettered ability to determine the cost of the appeal by deciding to list individual violations on separate notices. Further, the practical reality of the situation was that the Code Enforcement Officer determined that the property failed to conform to applicable standards and plaintiff contested that determination. That is one controversy (although the allegation of non-conformity is premised

on numerous violations) and the appeal is from one decision. Compare *Kingsley v. Wes Outdoor Advertising Co.,* 106 *N.J.Super* 248, 254 *A.*2d 824 (Cty.Dist.Ct.1969), *aff'd* 55 *N.J.* 336, 262 *A.*2d 193 (1970).

The unifying theme is the existence of a claim against one owner relating to one parcel. Here, plaintiff was assessed penalties relating to one tract of land. He appealed from that assessment and, even though the penalties related to multiple violations, he should be required to pay only one appeal fee.