IN RE HAROLD G. HOFFMAN, A CANDIDATE FOR NOMINATION AS GOVERNOR.

Argued March 30, 1946—Decided April 1, 1946.

Before CASE, CHIEF JUSTICE, sitting alone pursuant to the statute.

For Harold G. Hoffman, *Harry Green.*

For affiliated candidates, *Michael G. Comunale.*

For clerk of Hudson County, *William George.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The question goes to the arrangement of names on the voting machines of Hudson County for the approaching Republican primaries. The county clerk drew for the relative positions of the Republican and Democratic parties, and there is no dispute about that proceeding. On the Republican side there were affiliated candidates bracketed in accordance with law under a slogan, and among them was Alfred E. Driscoll, a candidate for the gubernatorial nomination; and there was Mr. Hoffman, likewise a candidate for the gubernatorial nomination, unaffiliated. The county clerk in his discretion selected the list of affiliated candidates, with their slogan, for the first line in the Republican party space, and Mr. Hoffman's name for the second line. Mr. Hoffman dis-

putes that discretionary act and urges that the law requires a drawing.

The controlling statutes are *R. S.* 19:23–24 and 19:49–2. The same question and the same statutes were considered by Mr. Justice Colie in *Hawkes* v. *Gates,* 129 *N. J. L.* 5, and the conclusion there reached was that the county clerk was subject to no statutory direction as to placement when the field consisted of independent, unaffiliated candidates and candidates affiliated under a slogan. If those statutes were then correctly construed, and I think they were, the county clerk was within his legal right in making the present disputed arrangement. Moreover, the section designated 19:49–2 has since the making of that decision in 1942 been repeatedly amended by the legislature (*Pamph. L.* 1944, *ch.* 127; *Pamph. L.* 1945, *ch.* 70, and *Pamph. L.* 1946, *ch.* 17) and, notwithstanding the invitation specifically held forth in the Hawkes decision, has been subjected to no change in the provisions bearing upon the present question.

I am brought to the conclusion that the course complained of is within the purview of the statute and is in accordance with the legislative intent.

The application will be denied.