13 N.J. Super. 363 (1951)
80 A.2d 564
JOHN A. BADO, PLAINTIFF-APPELLANT,
v.
WILLIAM H. GILFERT, COUNTY CLERK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1951.
Decided April 25, 1951.
Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Mortimer Neuman argued the cause for the appellant.
*364 Mr. Harold Krieger argued for Joseph F.S. Fitzpatrick, intervening on behalf of the appellant.
Mr. Frank G. Schlosser, Assistant County Counsel, argued the cause for the respondent.
Mr. Julius D. Canter argued for Edmund Stevenson, intervening on behalf of the respondent.
PER CURIAM.
The facts may be stated shortly. There will be a primary election in Hudson County on April 17 for nomination for members of the Legislature and for county offices. Voting machines will be used. On Thursday, March 15, the county clerk announced that he would not draw lots for the positions of parties or candidates on the ballot and stated that he was advised that he had authority to decide himself on the positions. He informed the appellant and others how the ballot would be arranged for the election. The following day, the appellant filed a complaint in the Law Division and obtained an order to show cause, returnable Saturday, why judgment should not be rendered commanding the county clerk to hold a drawing pursuant to the statute. After argument, Judge Proctor dismissed the complaint on the ground that the clerk's position was sound. On Monday, March 19, the petition of appeal was presented and the same day the matter was argued before us. Extreme haste was necessary throughout the proceeding because, as counsel informed us, the printing of the ballots ought to start by March 21 or within a day or so thereafter, in order that sample ballots may be distributed within the time required by law. On March 21 we sent the following message to counsel:
"We have considered carefully Bado v. County Clerk and affirm the judgment entered by Judge Proctor without costs. We are filing the papers. We expect to write you a letter stating briefly the grounds of our decision. We are following Justice Colie's and Chief Justice Case's decisions that were cited to us."
*365 The appellant relies principally on R.S. 19:23-24, as amended by L. 1942, c. 50, § 12, while the respondent counts on R.S. 19:49-2, as amended by L. 1941, c. 163.
We note that R.S. 19:49-2 has been further amended several times, most recently by L. 1948, c. 240, p. 1081, so that it now applies to all counties. It seems to have been the intention of the Legislature in enacting R.S. 19:23-24 that there should be a separate drawing for each office. See also R.S. 19:23-18. So the candidate for nomination to be Governor, of the X faction, might draw a position on line one; the same faction's candidate for sheriff, draw line two; their candidates for the Assembly (drawn as a unit), make the third line, and so on. The Legislature sought to remedy this situation by the 1941 amendment to R.S. 19:49-2. All county candidates, even for several different offices, who might join in a petition to the county clerk, would be drawn for position as a unit and would be put on the same line. But difficulties appeared when it came to putting the plan into effect. Commonly there is at least one group of bracketed candidates for all the offices, and also a scattering of independent candidates. If there is a drawing between the bracketed group as a unit and the independent candidate for sheriff, it fixes the position not only of the group candidate for sheriff but also the position of the group candidates for all other offices, and there can be no drawing in which the independent candidates for these other offices take part. Or if there is a drawing between the group and the independent candidate for county clerk, then the independent candidate for sheriff cannot participate in a drawing.
In 1942, the clerk of Essex County drew for position as between two rival candidates for nomination to the Assembly. He then placed their respective running mates on the same lines with them, including an affiliated candidate for the United States Senate. Other candidates for the Senate were given positions on the ballot by the county clerk, without any drawing. A complaint by one of them was overruled by Justice Colie, who held that the decision rested with the discretion *366 of the county clerk. Hawkes v. Gates, 129 N.J.L. 5 (Sup. Ct. 1942). To the same effect is In re Hoffman, 134 N.J.L. 155 (Case, C.J., Sup. Ct. 1946), where there was no drawing at all, and objection was made by an unaffiliated candidate for the gubernatorial nomination.
Due to the necessity for speed, the case before us was not briefed at all. We considered it proper to follow the two cases cited, and so resolved that the judgment be affirmed without costs.