44 N.J. Super. 456 (1957)
130 A.2d 887
ROBERT HARRISON, ET ALS., PLAINTIFFS-APPELLANTS,
v.
FLOYD E. JONES, CLERK OF THE COUNTY OF PASSAIC, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 8, 1957.
Decided April 8, 1957.
Filed April 12, 1957.
*458 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Saul M. Mann argued the cause for plaintiffs-appellants.
Mr. Nicholas Martini argued the cause for defendant-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
Some of the plaintiffs are candidates for the Republican nominations for the offices of councilmen in the Borough of Haledon, Passaic County, at the forth-coming primary election to be held April 16, 1957; others of them for the Republican party offices of county committeemen in the same borough. Jennie Bracco and others are contesting candidates for the Republican party nominations for the same offices. This is an appeal from a judgment of the Law Division sustaining the determination of the defendant, clerk of the County of Passaic, to set forth the names of the Bracco group on the election machine ballots on the same horizontal line as that upon which appear the names of an affiliated group of candidates for the Republican Party nominations for the offices of state senator, assemblymen *459 and freeholders, hereinafter referred to as the "county ticket."
Plaintiffs had filed their petitions of nomination with the borough clerk before the Bracco group did, using the identification, "Regular Republican Organization," N.J.S.A. 19:23-17. When the Bracco group subsequently filed, using the designation "Regular Organization Republican," the borough clerk refused to certify their petitions on the ground that the designation was too similar to that of plaintiffs. On complaint to the Superior Court the designation was ruled valid and ordered certified by order dated March 22, 1957, a Friday. On the following Monday, March 25, 1957, the Bracco group, purporting to act under N.J.S.A. 19:49-2, served the defendant with a request that their names be placed upon the primary election voting machine ballot upon the same line with the names of the members of the county ticket, referred to above, that group also having selected "Regular Organization Republican" as their designation. The campaign manager of the county ticket having consented thereto, defendant indicated his intention to comply with the request of the Bracco group and plaintiffs thereupon instituted this action.
The position of the plaintiffs is based upon the fact that the request of the Bracco group was not made within the time specified by N.J.S.A. 19:49-2; that there having been no compliance with the time schedule fixed therein by either group of local candidates, neither may be placed upon the same line with the county ticket; and that the relative positions of the local tickets, inter se, was controlled by a drawing for that purpose made by the borough clerk pursuant to N.J.S.A. 19:23-24.
We consider first the argument based upon limitations of time. The material portion of N.J.S.A. 19:49-2 reads as follows:
"For the primary election for the general election in all counties where voting machines are or shall be used, all candidates who shall file a joint petition with the county clerk of their respective county and who shall choose the same designation or slogan shall *460 be drawn for position on the ballot as a unit and shall have their names placed on the same line of the voting machine; and provided further, that all candidates for municipal or party office in municipalities in counties where voting machines are or shall be used who shall file a petition with the clerk of their municipality bearing the same designation or slogan as that of the candidates filing a joint petition with the county clerk as aforesaid, may request that his or her name be placed on the same line of the voting machine with the candidates who have filed a joint petition with the county clerk as aforesaid by so notifying the county clerk of said county in writing within two days after the last day for filing nominating petitions and thereupon the county clerk shall forthwith notify the campaign manager of such candidates filing a joint petition as aforesaid of said request, and if the said campaign manager shall file his consent in writing with the said county clerk within two days after the receipt of said notification from said county clerk, the clerk of said county shall place the name of such candidate on the same line of the voting machine on which appears the names of the candidates who have filed the joint petition as aforesaid; * * *."
The last day for filing nominating petitions for the 1957 primary election was March 9, 1957. Thus there was no strict compliance by the Bracco group with the literal requirements of the statute that the request to be placed on the same line with the county ticket bearing the same designation should be made of the county clerk within two days thereafter, or by March 11, 1957. Whether, under the circumstances here shown, the county clerk could have been compelled by the Bracco group to comply with the request they made March 25, 1957, we need not determine. The failure to make the request on or prior to March 11, 1957 was clearly excusable by virtue of the refusal, as of that time, by the borough clerk to certify the designation "Regular Organization Republican" in favor of the Bracco group, leaving their statutory right to be aligned on the ballot with the county ticket of the same designation in a shroud of uncertainty. A request to the county clerk in that posture of affairs could reasonably have been expected to be futile. The Bracco group immediately sought judicial relief against the borough clerk, and when they made the request for alignment with the county ticket the first business day after the court vindicated their right to the disputed designation, *461 the defendant was, in our view, justified under the statute in acceding to the request upon the signification of assent by the representative of the county ticket.
As was stated in Wene v. Meyner, 13 N.J. 185, 197 (1953), in reference to another provision of the statute governing primary elections:
"A statute is not to be given an arbitrary construction, according to the strict letter, but rather one that will advance the sense and meaning fairly deducible from the context. The reason of the statute prevails over the literal sense of terms; the manifest policy is an implied limitation on the sense of the general terms, and a touchstone for the expansion of narrower terms. * * *"
The "reason of the statute" in the presently disputed application is that groups of candidates having the same party faction label or designation and desiring to have this fact brought to the attention of the voter in a primary election with the additional effectiveness produced by alignment of their names on the machine ballot should have the right to do so provided the county clerk is notified in time to prepare and print the ballots. See Bado v. Gilfert, 13 N.J. Super. 363, 365 (App. Div. 1951). That general legislative purpose was served by what the defendant did here. Except where there is clear statutory direction of a particular course of placement, the county clerks have a large measure of discretion in arranging the primary election ballots. In re Hoffman, 134 N.J.L. 155 (Sup. Ct. 1946); Hawkes v. Gates, 129 N.J.L. 5 (Sup. Ct. 1942); Bado v. Gilfert, supra. If under a proper construction of the act defendant was not compelled to do as he here did, in the circumstances, we are clear that there was at least an unexceptionable exercise of discretion on his part.
Plaintiffs stress the provisions of N.J.S.A. 19:23-24 indicating that "excepting in counties where section 19:49-2 of the Revised Statutes applies" the position on the primary ballots in the case of candidates for municipal office or party position shall be determined by a drawing to be conducted by the municipal clerk and that the names of the candidates should be printed on the ballots "in the order as determined *462 as a result of the drawing." A drawing was conducted by the Haledon borough clerk March 21, 1953 under which plaintiffs' names were drawn first. But by the very exception we have quoted from N.J.S.A. 19:23-24 the provisions of that section concerning the effect of drawings by municipal clerks are inapplicable "in counties where section 19:49-2" applies (emphasis added). By its terms the latter section applies to primary elections for municipal or party office in counties where voting machines are used. Passaic is such a county. Therefore section 19:23-24 has no bearing here. Even if, as plaintiffs in effect urge, the exception in section 19:23-24 were taken as though it read "excepting in cases where section 19:49-2 applies," plaintiffs' cause would still fall, since, as held hereinabove, the instant situation is indeed a case where section 19:49-2 applies in substance and intent if not in letter.
Affirmed.