96 N.J. Super. 409 (1967)
233 A.2d 185
CHARLES E. FARRINGTON, PLAINTIFF-RESPONDENT,
v.
WILLIAM H. FALCEY, COUNTY CLERK OF MERCER COUNTY, NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 14, 1967.
Decided August 14, 1967.
*410 Before Judges GOLDMANN, LEWIS and LEONARD.
*411 Mr. Frank V. Walsh, Jr., argued the cause for appellant (Mr. Robert R. Ross on the brief).
Mr. Charles E. Farrington, respondent, argued the cause pro se.
PER CURIAM.
Defendant county clerk appeals from a Law Division judgment directing that he include plaintiff Farrington's name in the same column with the names of Democratic Party candidates Ridolfi and Coffee for nomination for the office of state senator, Senate District No. 6 (Mercer County), on the ballot for the Democratic primary election to be held September 12, 1967.
Messrs. Ridolfi and Coffee are the regularly designated candidates of the Democratic Party organization of Mercer County. They filed their joint nominating petitions for the Democratic primary election with the Secretary of State (L. 1967, c. 22) together with their request that they be bracketed and use the slogan, "Regular Democratic Organization." This slogan will also be used by the Assembly and freeholder candidates duly recognized by the Democratic Party of Mercer County. All of these candidates, like Messrs. Ridolfi and Coffee, have the same campaign manager.
Plaintiff has for many years been a loyal and active member of the Democratic Party of Mercer County and its candidate for public office. Indeed, he has five times been elected as a Democrat for the office of assemblyman from that county, an office he presently holds. Although the regular Democratic Party organization again designated him as its candidate for Assembly, plaintiff declined the honor and chose to run for the Senate: he filed his separate petition, designating his own campaign manager and choosing the slogan "Regular Organization Democrat."
Plaintiff made a written request of defendant to include his name in the same column on the primary election ballot as the bracketed senatorial candidates Ridolfi and Coffee This request was forwarded to the latter's campaign manager *412 who, on the same day, refused to consent thereto. Plaintiff at once filed a complaint in the Law Division, together with an order to show cause why his name should not appear in the same column as Messrs. Ridolfi and Coffee. The complaint demanded judgment restraining defendant from drawing for position of candidates' names on the primary ballot unless plaintiff's name was included in the same column as Messrs. Ridolfi and Coffee, and further directing defendant to include plaintiff's name in that column. The trial judge having ruled in plaintiff's favor, this appeal followed and was heard on an emergency basis in view of the urgent necessity to prepare the sample ballots for mailing to resident voters as well as absentee voters, both military and civil.
Following the trial judge's determination the county clerk filed an affidavit for consideration by this court, stating that upon the advice of counsel as to the meaning and intent of N.J.S.A. 19:49-2 he had intended to place all candidates for all offices using the slogan "Regular Democratic Organization" in one column on the voting machine, this column being headed on lines 1 and 2 by the bracketed candidates for the office of state senator, and to place plaintiff's name on the first line of the column immediately adjacent. In his view this was the only way the ballot could be arranged to conform to the law and still give plaintiff a position which would enable the voters to see his name and slogan readily and thus assist them in registering the choice. Plaintiff has raised no objection to our considering the county clerk's affidavit in the exercise of our original jurisdiction, R.R. 1:5-4(a), 2:5.
It may be observed that plaintiff's argument in the trial court, as well as here on appeal, was based on the invalidity of the county clerk's proposed procedure.
The spirit, if not the letter, of N.J.S.A. 19:49-2, as well as the decisions of our courts, lead to the conclusion that the trial judge was in error and that plaintiff is not entitled to have his name appear in the same column with the bracketed senatorial candidates recognized by the Democratic *413 Party of Mercer County. We note, incidentally, that the use of the words "line of the voting machine" in the cited statute, as well as elsewhere in the Election Act, has the same significance and application as "column of the voting machine" in the type of machine used in Mercer County, where the names of candidates appear in vertical columns rather than on horizontal lines, as in some other counties. See Axtell v. Caputo, 85 N.J. Super. 80, 84 (App. Div. 1964), citing Perry v. Giuliano, 46 N.J. Super. 550, 553 (App. Div. 1957).
The following factors enter into our determination:
1. The bracketed senatorial candidates, so recognized by the regular Democratic Party organization of Mercer County, have a slogan and campaign manager different from those of plaintiff.
2. Their campaign manager has not consented to plaintiff's name being placed in the same column; in fact, he has refused to do so in writing. That consent would appear to be, by the express language of N.J.S.A. 19:49-2, a condition to the county clerk's placing plaintiff's name in the same column of the voting machine with the bracketed names of Messrs. Ridolfi and Coffee. In this connection we have duly noted the statement attached to Assembly Bill No. 17, introduced in the 1941 Legislature and now L. 1941, c. 163, wherein it was stated that the purpose of the act was "to permit candidates filing joint petitions and candidates who choose the same designation or slogan to be placed on the same line [column] on the voting machine." We need not, however, base our determination solely on this ground.
3. Defendant county clerk has stated that he will not, in the exercise of his discretion, include plaintiff's name in the same column with those of the regularly designated and bracketed Democratic senatorial candidates. Plaintiff agrees that defendant has discretion in setting up the ballot, but argues that it would amount to an abuse of that discretion were he to carry out his present intention. We do not agree. The course which defendant intends to *414 take is "rooted in reason" and does not exceed the bounds of his delegated authority. Cf. Richardson v. Caputo, 46 N.J. 3, 9 (1965) (a general election case). That the county clerk is given a wide discretion in these matters, and that the court will not interfere with the exercise of that discretion unless clearly unreasonable, is well established by our decisions. Hawkes v. Gates, 129 N.J.L. 5, 11 (Sup. Ct. 1942); In re Hoffman, 134 N.J.L. 155 (Sup. Ct. 1946); Harrison v. Jones, 44 N.J. Super, 456, 461 (App. Div. 1957), and Perry v. Giuliano, above, 46 N.J. Super., at page 556. But see Richardson v. Caputo, above, for a critique of Perry.
4. Defendant's proposed plan of positioning the respective candidates comports with the purpose of a ballot which, in the language of the Richardson case, is to permit voters to record their will, the ballot being so arranged that all voters may find their candidates with the least difficulty the total content of the ballot will reasonably permit. 46 N.J., at page 9. On the other hand, plaintiff's request, if honored by the county clerk, carries the definite potential of confusing the electorate by leading the uninformed to believe that plaintiff, like the bracketed senatorial candidates, has the official endorsement of the regular Democratic Party organization of Mercer County in this primary election.
Accordingly, the judgment of the Law Division is reversed and the clerk will forthwith enter the necessary mandate. No costs.