101 N.J. Super. 111 (1968)
243 A.2d 280
JESSE MOSKOWITZ, ET AL., PLAINTIFFS-RESPONDENTS,
v.
JOHN J. GROGAN, ET AL., DEFENDANTS-APPELLANTS. C. WILLARD HECKEL, ET AL., PLAINTIFFS-APPELLANTS,
v.
NICHOLAS V. CAPUTO, INDIVIDUALLY AND AS COUNTY CERK OF ESSEX COUNTY, DEFENDANT-RESPONDENT.
(Docket Nos. A-1257-67, A-1213-67).
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1968.
Decided May 13, 1968.
*112 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Jesse Moskowitz argued the cause for the Hudson County McCarthy ticket; Mr. Daniel F. Gilmore, Assistant County Counsel, argued the cause for John J. Grogan, Clerk of Hudson County, (Mr. William F. Kelly, Jr., County Counsel, attorney; Mr. Robert H. Wall, Assistant County Counsel, on the brief).
Messrs. Lawrence Lerner and William Rossmoore argued the cause for the Essex County McCarthy ticket; Mr. Adrian M. Foley, Jr. argued the matter for the regular Democratic ticket (Messrs. Pindar, McElroy, Connell & Foley, attorneys); Mr. Irwin I. Kimmelman, County Counsel, argued the cause for Nicholas V. Caputo.
Mr. Frank J. Cuccio, County Counsel of Bergen County, appeared amicus curiae.
*113 PER CURIAM.
These cases were consolidated for argument because they involved common questions of law and, to a considerable extent, of fact. Since they affected the primary election to be held on June 4 we decided them orally from the Bench. This opinion is filed to make a record of those decisions.

I

MOSKOWITZ V. GROGAN
Without a drawing, Hudson County Clerk Grogan made the following assignment of places on the voting machine to those running in the Democratic primary:
On Row A, with the slogan "Regular Democratic Organization," candidates for all offices at stake, namely, Members of the House of Representatives, Delegates and Alternates to the Democratic National Convention (hereafter Delegates), Sheriff, County Clerk and three Freeholders.
On Row B, candidates for the same office under the slogan "United Democrats."
On Row C, Delegates only, with the slogan "McCarthy for President."
On Row D, Delegates only, with the slogan "Jesse Gray for President."
The County Clerk denied the demand of the McCarthy slate for a drawing for position among all four slates. The McCarthy slate alone sought review in the Law Division, which reversed and ordered that on May 13 there be "a drawing pursuant to N.J.S.A. 19:23-24 for line positions on the ballot for all four groups of candidates in the Democratic Party Primary." The County Clerk then appealed to this Court.
We announced the following decision from the Bench:
"We understand from the litigants here represented that the United Democrats did not complain or appeal as to their position on the ballot. Mr. Moskowitz has stated that the McCarthy ticket does not want a drawing if it is limited to their ticket and the Gray ticket.
*114 That being the case, the order of the Law Division, Hudson County, is reversed."

II

HECKEL V. CAPUTO
Also without a drawing, Essex County Clerk Caputo made the following assignment of places on the voting machines to those running in the Democratic Primary:
On Row A, with the slogan Regular Democratic Organization, candidates for all offices at stake in Essex County, namely, Members of the House of Representatives, Delegates, and three Freeholders.
On Row B, Delegates only, with the slogan "McCarthy for President."
Charles A. Matthews, an unaffiliated candidate for Freeholder with his own slogan, was also assigned a place on Row C.
The County Clerk denied the demand of the McCarthy slate for a drawing for position and that slate alone sought review in the Law Division, Essex County, which affirmed. The McCarthy slate then appealed to this Court.
We announce the following decision from the Bench:
"Here, too, we understand the McCarthy slate does not want a drawing if it is limited to competing with only the Gray ticket and the United Democrats ticket (if one has been filed). We are advised that Mr. Matthews is content with the position assigned to him. Therefore, the judgment of the Law Division, Essex County, is affirmed."

III
In Hawkes v. Gates, 129 N.J.L. 5 (Sup. Ct. 1942) a faction of the Republican party filed a joint petition for the nomination in the primary election of its candidates for the 16 county offices to be filled, under the slogan "Clean Government Republican." Another faction did likewise under the designation "Republican Smash Bossism." Gill Robb Wilson, *115 a candidate for the Republican nomination for the United States Senate requested that his name be placed on the same line with the Clean Government candidates, pursuant to R.S. 19:49-2. The deputy County Clerk drew only as between the Clean Government and Smash Bossism tickets and allotted the first two lines to them. (Although the opinion says that Clean Government was drawn first, it says that the deputy announced that "the group bracketed under the slogan `Republican Smash Bossism' would be placed on the first line of the ballot; the group bracketed under the slogan `Clean Government Republican' on the second line." (129 N.J.L., at p. 7). Why this was done does not appear in the opinion.)
There were five unaffiliated candidates for United States Senator. The deputy placed the name of each of the five candidates in the box and drew them forth in the following order: (1) Biehl, (2) Hawkes, (3) Kielb, (4) Pullen and (5) Bowers. The deputy then assigned Biehl, Hawkes and Kielb to the third line and Pullen and Bowers to the fourth line.
Hawkes appealed, contending that there should be a new drawing of the names of all six candidates for United States Senator (including Wilson) "and that the candidates be placed on the * * * ballot in the order in which the names be drawn * * *," or that the County Clerk be directed to first place the names of the unaffiliated five "on separate lines in the order in which the names were drawn" ahead of the Smash Bossism and Clean Government lines. The Court refused to do so.
Hawkes has been followed in later cases (In re Hoffman, 134 N.J.L. 155 (Sup. Ct. 1946); Bado v. Gilfert, 13 N.J. Super. 363 (App. Div. 1951); see also Harrison v. Jones, 44 N.J. Super. 456, 461 (App. Div. 1957)) and it must be presumed that the Legislature was aware of this ruling when it amended N.J.S.A. 19:49-2 in 1944, 1945, 1946 and 1948 without making any change therein affecting that holding. Although in Hawkes the Court dealt with individual *116 candidates, we think the holding applies where, as here, there are more than one candidate whose petitions were filed with the Secretary of State and who, though affiliated among themselves, are not affiliated, pursuant to N.J.S.A. 19:49-2, with a ticket of candidates who filed a joint petition with the County Clerk with a common designation or slogan.
In short, we hold that where there are two or more groups of candidates whose joint petitions were filed with the County Clerk (hereafter called, for brevity, county candidates), there must be a drawing for position as between those groups, drawn as a unit, regardless of whether candidates for municipal or party office in municipalities, or candidates whose petitions were filed with the Secretary of State (hereafter called, for brevity, state candidates), did or did not affiliate with the county candidates pursuant to N.J.S. 19:49-2. If there was such affiliation by state candidates, their names must be placed on the same line as the county candidates with which they affiliated. Where there are two or more groups of state candidates who have not affiliated with county candidates they are entitled, as units, to a drawing for position on the ballot as among themselves, but not as against those affiliated with county candidates, for the state candidates who affiliate with county candidates may not be displaced from their position on the same line with their affiliated county candidates. N.J.S.A. 19:23-24; N.J.S.A. 19:49-2.
Therefore, we hold that, in Hudson County, as between the McCarthy ticket (the only one which sought review of the action of the county clerk) and the Regular and United Democratic tickets, the McCarthy ticket was not entitled to a drawing, and in Essex County the McCarthy ticket was not entitled to a drawing as against the Regular Democratic ticket.
No costs to any party.