128 N.J. Super. 570 (1974)
321 A.2d 266
JAMES A. QUAREMBA, JAMES W. RALPH AND TRIFONIO RIZZO, PLAINTIFFS-APPELLANTS,
v.
ALEXANDER ALLAN, COUNTY CLERK OF BERGEN COUNTY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1974.
Decided May 28, 1974.
*572 Before Judges CARTON, LORA and SEIDMAN.
Mr. James A. Quaremba argued the cause pro se.
Mr. Donald Horowitz argued the cause for appellants James W. Ralph and Trifonio Rizzo (Messrs. Cummins, Cummins, Dunn, Horowitz & Pashman, attorneys).
Mr. Michael J. Ferrara, County Counsel, argued the cause for respondent.
Mrs. Joyce M. Usiskin, Deputy Attorney General, argued the cause for the State of New Jersey (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Stephen Skillman, First Assistant Attorney General, on the brief).
Mr. William S. Singer filed a brief on behalf of amicus curiae Common Cause. (Mr. Richard A. Zimmer of the New York bar, of counsel and on the brief).
PER CURIAM.
In the June 1971 primary election plaintiffs James A. Quaremba and James W. Ralph unsuccessfully sought nomination as the Republican candidates for the office of state senator for the Thirteenth Senatorial District, and plaintiff Trifonio Rizzo was an unsuccessful candidate for nomination by the Republican party for the office of freeholder in Bergen County.
They thereafter filed a complaint for a declaratory judgment that N.J.S.A. 19:23-24 requires "the listing of all candidates for nomination or election to any given office in the primary election of a political party in a single column or row determined by drawing," and that the county clerk should be directed to set up the form of the June 1972 primary ballot accordingly. On March 30, 1972, the return day of an order to show cause which they obtained, final *573 judgment was entered in favor of defendant, the Bergen County Clerk. Plaintiffs appealed. The Appellate Division affirmed in an unreported opinion. The Supreme Court vacated the judgment and remanded the cause to the Law Division as an action for declaratory judgment.
The trial was held and judgment was again entered in favor of defendant, whereupon this appeal was filed.
Plaintiffs challenge the constitutionality of N.J.S.A. 19:49-2. They contend that their names should have been placed in the same column or line with other candidates for the same office, their respective positions to be determined by lot, but were assigned, instead, a separate column or line alongside the others. It is noted that the assignment or columns was by lot.
The principal thrust of their argument is that N.J.S.A. 19:49-2 arbitrarily favors primary candidates who file a joint petition with the county clerk, and those affiliated with them, and denies all others the drawing and placement rights prescribed by N.J.S.A. 19:23-24. Their complaint is that they are disadvantaged by not being in the same line or column as the "organization" candidates or "party regulars." They assert that there is no rational basis or compelling state interest for what they conceive to be discrimination against unaffiliated candidates which violates the equal protection clause of the United States Constitution.
We are of the view that plaintiffs' contention that they have been unconstitutionally deprived of the equal protection of the laws is unfounded.
Procedures for arranging the positions of candidates on primary ballots are contained in N.J.S.A. 19:23-24 and N.J.S.A. 19:49-2. Under the former, the position of candidates for a given office is determined by a drawing of names by the county clerk or municipal clerk, or his deputy, depending upon where the nominating petition is filed, provided that several candidates for an office (where more than one person is to be elected to that office) may request the bracketing of their names (N.J.S.A. 19:23-18), in *574 which case the bracketed names are treated as one. Thus, under this procedure, all candidates for an office would be in the same column, with their respective positions established by a random drawing.
However, in counties where voting machines are used, N.J.S.A. 19:49-2 is applicable. It permits all candidates whose nominating petitions are required to be filed with the county clerk and who choose the same designation or slogan to file a joint petition. In such case they are entitled to have their names placed on the same line of the voting machine and, where a drawing is required, to be drawn for position on the ballot as a unit. In addition, candidates whose petitions are required to be filed with the municipal clerk or with the Secretary of State may request the county clerk, with the written consent of the campaign manager of those filing the joint petition, to place their names on the same line.
By its terms, N.J.S.A. 19:49-2, and not N.J.S.A. 19:23-24, applies to primary elections in counties which, like Bergen, have voting machines. Harrison v. Jones, 44 N.J. Super. 456, 462 (App. Div. 1957). In the present case the arrangement of plaintiffs' names on the ballot was in accordance with N.J.S.A. 19:49-2. While candidates not affiliated with county candidates may be entitled to a drawing for position as among themselves, they are not entitled under that statute to have their names appear in the same column with jointly listed county candidates and those affiliated with them. See Farringon v. Falcey, 96 N.J. Super. 409, 412 (App. Div. 1967); Moskowitz v. Grogan, 101 N.J. Super. 111, 116 (App. Div. 1968), certif. den. 51 N.J. 575 (1968).
There can be no doubt that the Legislature has authority to adopt reasonable regulations for the conduct of primary and general elections, including the manner of preparation of the ballot, so long as they do not prevent a qualified elector from exercising his constitutional right to vote for any person he chooses. Sadloch v. Allan, 25 N.J. 118, 122 *575 (1957). See also, Jenness v. Fortson, 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971); New York State Democratic Party v. Lomenzo, 460 F.2d 250, 251 (2 Cir.1972). The wisdom of any constitutionally permissible regulation is not our concern. See Brown v. Heymann, 62 N.J. 1, 10-11 (1972).
We do not believe that N.J.S.A. 19:49-2 denies plaintiffs equal protection of the laws by establishing what they say is a preferred class of affiliated candidates within the county.
Since plaintiffs claim an equal protection violation, the burden is upon them to demonstrate a discrimination against them of some substance. American Party of Texas v. White, ___ U.S. ___, p. ___, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974). The applicable principles are found in Schilb v. Kuebel, 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502
* * * "The prohibition of the Equal Protection Clause goes no further than the invidious discrimination." Williamson v. Lee Optical Co., 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955). "Legislatures are presumed to have acted constitutionally * * * and their statutory classifications will be set aside only if no grounds can be concerned to justify them * * * The measure of equal protection has been described variously as whether "the distinctions drawn have some basis in practical experience," * * * or whether the legislature's actions falls short of "the invidious discrimination," * * * or whether "any state of facts reasonably may be conceived to justify" the statutory discrimination, * * * or whether the classification is "on the basis of criteria wholly unrelated to the objective of the statute" * * * [at 364-365, 92 S.Ct. at 484]
See also, McDonald v. Board of Election Comm'rs of Chicago, 394 U.S. 802, 809, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969).
There is nothing inherently wrong or invidious in permitting candidates with like views to be grouped together on the ballot. As the court said in Richardson v. Caputo, 46 N.J. 3, 9 (1965), "we can find no reason, and no one suggests a reason, to deny [candidates] the benefit of their joint candidacy or to deny a voter who wants to advance the party *576 or the principles of the candidates an easy opportunity to find all of them." The polestar, added the court, is "a ballot which will permit all the voters to express their will fully and as easily as circumstances will reasonably permit." See also, Farrington v. Falcey, supra, 96 N.J. Super. at 414. Cf. Voltaggio v. Caputo, 210 F. Supp. 337, 339 (D.N.J. 1962), app. dism. 371 U.S. 232, 83 S.Ct. 325, 9 L.Ed.2d 494 (1963).
It cannot be argued successfully, therefore, that "no grounds can be conceived to justify" the procedures contained in N.J.S.A. 19:49-2, even though certain claimed advantages relevant to ballot position may be withheld from some candidates. So long as there is a rational basis for the statute we may not provide otherwise, for, as we said in Perry v. Guiliano, 46 N.J. Super. 550, 557 (App. Div. 1957) "to do so under the guise of judicial interpretation of the statute would be an inadmissible encroachment upon the legislative process, and is hence beyond the power of the court."[1]
Plaintiffs advance the further argument that the laws pertaining to the ballot operate unequally to persons similarly situated because an unaffiliated candidate has a better chance of being nominated in a county where paper ballots are used than in one where voting machines are used. We need not address ourselves to the merits, if any, of that argument. The issue does not arise in this case, since none of the candidates here involved sought nomination to a State or Federal office and so would not have been entitled to a place on the ballot in every county, including the few that still use paper ballots.
It is also contended that N.J.S.A. 19:49-2 is unfairly administered by the Bergen County Clerk in that he allegedly intentionally discriminates against nonorganization *577 candidates in arranging the primary ballot, and in his creation of additional ballot columns when not required. We have thoroughly examined the record and find no basis for the charges made. The county clerk followed the requirements of the statute in the case of candidates filing joint petitions and those affiliated with them.
We agree with the finding of the trial judge that the machine ballots in evidence bore out defendant's contention "that his exercise of discretion in positioning candidates as permitted by the statute will enable voters at primary elections to easily find affiliated candidates or candidates endorsed by any group or organization." The trial judge also found, and there is substantial evidence in the record to support the finding, that defendant did not unreasonably exercise his discretion so as to discriminate against plaintiffs, or to deprive them of or interfere with their constitutional rights. Cf. Giuliano v. Reichenstein, 110 N.J. Super. 589, 504 (Law Div. 1970); Edelstein v. Farrell, 120 N.J. Super. 583, 594 (Law Div. 1972).
The judgment is affirmed.
NOTES
[1] Arguments similar to those presented in this appeal were considered and rejected by the United States District Court for the District of New Jersey in an unreported opinion in the case of Sandman v. Allan (Civil Action No. 396-73).