**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0926-19T4

CITY OF PERTH AMBOY,
a Municipal Corporation of
the State of New Jersey,

      Plaintiff-Appellant,

v.

ELAINE M. FLYNN,
Middlesex County Clerk,

      Defendant-Respondent.

_____

Submitted May 20, 2020 – Decided June 8, 2020

Before Judges Koblitz, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-7323-19.

King, Moench, Herniak & Mehta, LLP, attorneys for appellant (Peter Joseph King, on the briefs).

Thomas F. Kelso, Middlesex County Counsel, attorney for respondent (Michael Scott Williams, Deputy County Counsel, on the brief).

PER CURIAM

Plaintiff the City of Perth Amboy appeals from an October 30, 2019 order dismissing its complaint alleging defendant the Middlesex County Clerk failed to print a public question in Spanish on the City's November 2019 mail-in election ballot in the same format as the sample and general election ballots in violation of election law. We affirm.

The dispute arises from the City Council's passage of an ordinance requiring run-off elections if a candidate for office in the city fails to garner more than fifty percent of the votes. The mayor vetoed the ordinance and the Council overrode the veto and passed a resolution to place the issue on the November 5, 2019 general election ballot as a public question for voter approval.

The Clerk sent out the mail-in ballots prior to the election. According to the City, it began receiving complaints that the mail-in ballot moved the text of the public question and ballot instructions from the face of the ballot, and instead printed the information in English, Spanish and Gujarati on a separate page of the ballot. The City alleged this format differed from the sample voting machine ballot, which included the translations and explanation of the public question on the ballot face.

The City filed a four-count complaint and order to show cause to invalidate the results of the 2019 election regarding the public question, and to

2

place the question on the November 2020 election ballot. It alleged the mail-in ballot violated: N.J.S.A. 40:45-21(b) because the question only appeared in English on the face of the mail-in ballot; N.J.S.A. 19:14-22 because the instructions were not printed in Spanish and Gujarati on the face of the ballot as it appeared on the sample ballot; N.J.S.A. 19:63-7 because the mail-in ballot was not as nearly as possible a facsimile of the election ballot; and N.J.S.A. 19:3-6, 19:14-2 and 19:63-14 because the form and contents of the ballot were not properly printed.

Following oral argument, the motion judge issued a written decision denying the order to show cause and dismissed the complaint with prejudice. The judge found the mail-in ballot was "'as nearly as possible [a] facsimile[] of the election ballot'" in accordance with N.J.S.A. 19:63-7, and differed only due to physical space constraints uniquely associated with printing the mail-in ballot. The judge rejected the City's reliance on N.J.S.A. 40:52-21(b), 19:3-6 and 19:14-2, as "without merit" because the statutes did not apply to mail-in ballots. The judge concluded the mail-in ballot complied with these statutory provisions because

> [o]n the first side of the mail-in ballot, there are clearly instructions in English, Spanish, and Gujarati that indicate that there is more information to be found in the enclosed sheet. While the "Public Question to be

A-0926-19T4

Voted Upon" section at the bottom right of the mail-in ballot only contains language in English, the directions that "Instructions on enclosed sheet" in the three languages is sufficient to satisfy N.J.S.A. 19:14-21 and prevent disenfranchisement of Hispanic or Latino voters.

The City repeats the arguments it raised before the trial judge. Because those arguments present a question of statutory interpretation, our review is de novo. Correa v. Grossi, 458 N.J. Super. 571, 577 (App. Div. 2019).

N.J.S.A. 19:63-7 states: "The mail-in ballots shall be printed on paper of a different color from that used for any primary or general election ballot, but in all other respects, shall be as nearly as possible facsimiles of the election ballot to be voted at the election." The county clerk must include with each mail-in ballot printed direction for the preparation and transmission of the ballots. N.J.S.A. 19:63-12.

> Judicial and executive responsibilities in election matters stand, as it were, in inverse proportion to one another. See Quaremba v. Allan, 67 N.J. 1 (1975). Our primary concern is to assure that the ballot not be confusing or deceptive. Young v. Byrne, 144 N.J. Super. 10, 19 (Law Div. 1976). Therefore, unless the interpretive statement is misleading or biased, it should not be disturbed by the courts. Cf. Quaremba v. Allan, 67 N.J. at 1; Farrington v. Falcey, 96 N.J. Super. 409 (App. Div. 1967); Millman v. Kelly, 171 N.J. Super. 589 (Law Div. 1979); Edelstein v. Ferrell, 120 N.J. Super. 583 (Law Div. 1972) (all recognizing the broad

A-0926-19T4

discretion to be accorded election officials in performing their duties).

[Gormley v. Lan, 88 N.J. 26, 46 (1981) (Handler, J. dissenting).]

Here, the mail-in ballot was printed with the names of all the candidates and positions, and clearly demarcated a place to vote on the public question. Further, the ballot stated—in English, Spanish, and Gujarati—that the instructions and public question explanation were included on a separate page. The separate page, then set forth the public question and an explanation of it in separate sections in each language as it appeared on the voting machine ballots. The only difference between the mail-in ballots and the voting machine ballots is that all the information did not fit on one page for the mail-in ballots. We are satisfied the mail-in ballots were as nearly as possible facsimiles of the voting machine ballots, complied with N.J.S.A. 19:63-7, and were not misleading.

We also reject the City's argument that voters were disenfranchised because the public question was not printed on the face of the mail-in ballot. The differences in the ballots did not affect the integrity of the electoral process. See In re Application of Langbaum, 201 N.J. Super 484, 490 (App. Div. 1985). On the contrary, the Clerk asserts that reformatting the mail-in ballot to include the public question and the translations on the face of the mail-in ballot would

render the mail-in ballot illegible. Such a result would indeed affect the electoral process and lead to disenfranchisement.

We disagree that N.J.S.A. 19:14-21 and 19:14-22 apply to the mail-in ballots. N.J.S.A. 19:14-21 states:

> The county clerk shall cause samples of the official general election ballot to be printed in English, but for each election district within the county in which the primary language of 10% or more of the registered voters is Spanish, shall cause samples of the official general election ballot to be printed bilingually in English and Spanish.

N.J.S.A. 19:14-22 states:

> The official general election sample ballots shall be as nearly as possible facsimiles of the official general election ballot to be voted at such election . . . . Such sample ballots shall be printed on paper different in color from the official general election ballot, and have the following words printed in large type at the top: "This ballot cannot be voted. It is a sample copy of the official general election ballot used on election day."

The City contends that because the sample ballot must be printed in Spanish and English, and because the sample ballot and mail-in ballots must be as near as possible to the official general election ballot, these provisions also apply to mail-in ballots. The City cites our decision in Correa, in which we held that where N.J.S.A. 19:23-22.4 requires a sample primary ballot be printed in Spanish and English, the official primary ballots, including the mail-in ballots

6

also had to be printed in both languages. 458 N.J. Super. at 575-76. We reasoned "it makes no sense to provide bilingual sample ballots because voters are not fluent in English, but to expect those same voters to navigate an official balloting process that is English-only." Id. at 582.

The City's reliance on Correa is misplaced because here the mail-in ballot and the official ballot were both printed in English, Spanish and Gujarati. The information on the accompanying page was exactly as it appeared on the official ballot. Furthermore, N.J.S.A. 19:14-21 and 19:14-22 apply to sample ballots only. See N.J.S.A. 19:14-1 to -20.

The City also argues the failure to place the public question on the face of the ballot violated N.J.S.A. 40:52-21(b), 19:3-6 and 19:14-2. N.J.S.A. 40:45-21(b) states:

> Upon adoption by the governing body of an ordinance conforming with the provisions of this section, the municipal clerk shall provide for the submission of the question at the next general election or regular municipal election occurring in the municipality not less than 60 days after the date of the adoption of the ordinance.

N.J.S.A. 19:3-6 states:

> Any public question voted upon at an election shall be presented in simple language that can be easily understood by the voter. The printed phrasing of said question on the ballots shall clearly set forth the true

7

purpose of the matter being voted upon. . . . In event that in any statute the public question to be voted upon is so stated as not clearly to set forth the true purpose of the matter being voted upon and no provision is made in said statute for presenting the same in simple language or printing upon the ballots a brief statement interpreting the same, there may be added on the ballots to be used in voting upon the question, a brief statement interpreting the same and setting forth the true purpose of the matter being voted upon in addition to the statement of the public question required by the statute itself.

And N.J.S.A. 19:14-2 states: "[A]ny public question which is to be submitted to the people of the . . . municipality at the general election, shall be printed in a separate space at the foot of the ballot with appropriate instructions to the voter."

As noted, the mail-in ballot contained an instruction in each language referring voters to an accompanying sheet which contained the public question and an explanation of it. None of the statutory provisions the City relied upon require the placement of the explanatory statements and translations of the public question on the face of the ballot, nor do they prohibit placing it on an accompanying document. Moreover, as the trial judge noted, these provisions apply to the official general election ballot, not mail-in ballots whose formatting is governed by N.J.S.A. 19:63-1 to -30.

Finally, the City argues the mail-in ballots must be rejected because they did not contain the entire public question. N.J.S.A. 19:57-27(a) requires that a

mail-in ballot "shall be rejected or declared invalid because it does not contain . . . all of the public questions to be voted for or upon in the election district in the election which it is to be counted . . . ." However, "[n]o election shall be held to be invalid due to any irregularity or failure in the preparation or forwarding of any mail-in ballots prepared or forwarded . . . ." N.J.S.A. 19:63-26.

The record demonstrates the mail-in ballot contained the entirety of the text of the public question and the instructions explaining the public question to voters. This argument lacks sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION