19 N.J. Super. 187 (1952)
88 A.2d 227
IN THE MATTER OF THE PETITION FOR THE RECHECK OF VOTING MACHINES AND IRREGULAR BALLOTS IN THE 3RD, 4TH, 5TH, 6TH, 7TH, 8TH AND 11TH DISTRICTS OF THE 3RD WARD OF JERSEY CITY.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 1952.
Decided April 21, 1952.
*188 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Julius D. Canter argued the cause for appellants (Mr. Morris I. Chesler, on the brief).
Mr. Mortimer Neuman argued the cause for respondents.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Following the primary election held on April 15, 1952, an application under R.S. 19:28-1 was made by the present respondents to a judge of the Superior Court, Law Division, Hudson County, for a recount of the votes cast for the office of member of the county committee of the Republican Party in seven specified voting districts of Jersey City. The application was granted and the recount was held on April 18, 1952.
*189 Voting machines are used in Jersey City. R.S. 19:49-5, as amended L. 1941, c. 166, § 5, provides: "Ballots voted for any person whose name does not appear on the machine as a nominated candidate for office are herein referred to as irregular ballots. Such irregular ballot shall be written or affixed in or upon the receptacle or device provided on the machine for that purpose * * *."
The disputed question which the judge was called upon to decide (R.S. 19:28-3) concerned the validity of certain "irregular ballots." On each ballot in question the name of the candidate for the county committee was placed upon the proper paper receptacle provided on the voting machine for that purpose. The name was placed thereon by the use of a rubber stamp. On some ballots the impression was blue and on others green. Concluding that the language of R.S. 19:49-5 "shall be written or affixed in or upon" meant that the name of the candidate must be "written or pasted" thereon, as provided in the case of paper ballots (R.S. 19:14-4, subsection (4), as amended L. 1947, c. 104, § 1), the judge decided that the ballots in question did not meet the requirements of R.S. 19:49-5 and were therefore invalid. Because these "irregular ballots" were declared invalid, the result of the election for member of the county committee of the Republican Party was changed in several districts.
The candidates adversely affected by this decision took an appeal to this court. Because the elected members of the Republican County Committee resident in Jersey City had to hold the organization meeting of the Jersey City Republican Committee on Monday evening, April 21, 1952, pursuant to the requirements of R.S. 19:5-2, the Appellate Division entered an order relaxing its rules and permitting this appeal to be submitted on typewritten briefs and orally argued on Monday, April 21, 1952.
At the outset we are confronted with the argument of the respondents that this court has no jurisdiction.
It is clear that the statutory jurisdiction conferred upon the judges of the Law Division of the Superior Court *190 by R.S. 19:28-1, et seq., is conferred upon them as individual judges thereof and is not conferred upon the court as such, and that the individual judge who acts in exercising such jurisdiction acts solely in the capacity of a legislative agent exercising a delegated authority. In Massett Building Co. v. Bennett, 4 N.J. 53 (1950), our Supreme Court specifically mentions applications for the recount of votes following an election under R.S. 19:28-1, et seq., as a typical example of a proceeding in which the judge acts as a legislative agent. Further, the court points out: "The statutory nature of such proceedings is attested by the fact that any reviews thereof that may be permitted were not by appeal but formerly by certiorari * * * and now by proceedings in lieu of a prerogative writ." We are bound by the decision of our Supreme Court in Bergen County Sewer Authority v. Little Ferry, 5 N.J. 548 (1950), which held that when a review of the action of a judge sitting as a designated legislative agent is permitted by a proceeding in lieu of prerogative writ, it must be had in the Law Division of the Superior Court under Rule 3:81-2 and cannot be had in the Appellate Division on an appeal taken as a proceeding in lieu of prerogative writ.
Since no claim is made that the Appellate Division has jurisdiction of the appeal, other than as a proceeding in lieu of prerogative writ, the appeal must be dismissed.