85 N.J. Super. 80 (1964)
204 A.2d 7
ANDREW C. AXTELL, PHILIP LINDERMAN, DON CETRULO AND DOMINICK A. CAVICCHIA, PLAINTIFFS-RESPONDENTS,
v.
NICHOLAS V. CAPUTO, CLERK, ESSEX COUNTY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1964.
Decided October 5, 1964.
*81 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
*82 Mr. Nicholas T. Fernicola argued the cause for appellant (Mr. Sheldon H. Pressler, on the brief).
Mr. Irving N. Yankowitz argued the cause for respondents.
PER CURIAM.
Defendant County Clerk of Essex County appeals from a Law Division judgment directing him to place the Republican Party candidates on line "B," the second column or line on the ballot to be used at the November 3, 1964 general election.
At a drawing of lots to determine the positions of the political parties on the general election ballot, conducted pursuant to N.J.S.A. 19:14-12, the county clerk first drew the name of the Democratic Party and next drew the name of the Republican Party, subsequent drawings determining the positions of candidates nominated by petition. Essex County uses what is commonly described as the horizontal-line voting machine, with successive lines labeled "A," "B," "C," etc., fixed by the very nature of the machine's construction. At the drawing for position, the county clerk announced that the Democratic Party would occupy line "A" on the machine and the Republican Party line "C," and that he would skip line "B"  this over the objection of the Republican Party representatives present. The result was a complaint in lieu of prerogative writ demanding that defendant comply with the provisions of N.J.S.A. 19:14-12 so that Republican Party candidates will occupy the second column or line on the November ballot. Plaintiff Axtell is the chairman of the Republican County Committee for Essex County, and the other three plaintiffs are the Republican candidates for the office of freeholder.
Defendant's principal contention is that N.J.S.A. 19:49-2 expressly gives him authority to draw the specifications for the arrangement of the voting machine ballot, and he therefore has the power to determine the spacing between the lines respectively assigned to the Democratic and Republican Party candidates. Specifically, he has the right to skip line "B" by *83 leaving it blank and locking the levers on that line. The matter, he says, is one which has been left to the discretion of the county clerk, and those sections of the Election Act which provide for the form and description of paper ballots (R.S. 19:14-1 through 20) are not applicable because inconsistent with the provisions of N.J.S.A. 19:49-2.
The Law Division judge recognized that a prerogative writ in lieu of mandamus is available only where the statutory duty of the county clerk is clear, and not discretionary. Gallena v. Scott, 11 N.J. 231, 238 (1953); Perry v. Giuliano, 46 N.J. Super. 550, 556 (App. Div. 1957); Hawkes v. Gates, 129 N.J.L. 5, 11 (Sup. Ct. 1942).
After reviewing the provisions of N.J.S.A. 19:14-12 and N.J.S.A. 19:49-2, examining certain exhibits of voting machine ballots and inspecting voting machines regularly used in Essex County, the trial judge found that the Legislature, by N.J.S.A. 19:14-12, gave a clear direction as to what lines were to be used and made it incumbent upon the county clerk to use the lines in the precise order in which they appeared on the machine. We agree with that conclusion.
N.J.S.A. 19:14-12 reads, in pertinent part:
"The county clerk shall draw lots in his county to determine which columns the political parties which made nominations at the next preceding primary election shall occupy on the ballot in the county. The name of the party first drawn shall occupy the first column at the left of the ballot, and the name of the party next drawn shall occupy the second column, and so forth." (Italics ours)
N.J.S.A. 19:49-2 reads, in pertinent part:
"All official ballots shall be printed on clear white paper or cardboard of such form and size as will fit the ballot frames of the machines, printed in black ink in type as large as the space will reasonably permit; provided, however, that any public question which shall be placed on the ballot shall be printed in red ink and above any public question to be voted upon by the voters of the entire State there shall be printed, also in red ink, a description of the public question, which description shall not exceed six words and shall be printed in type as large as is practicable. Party nominations shall be arranged on each voting machine, either in columns or horizontal rows; the caption of the various ballots on the machines *84 shall be so placed on the machines as to indicate to the voter what push knob, pointer, lever or other device is to be used or operated in order to vote for the candidates or candidate of his choice. The providing of the official ballots and the order of the precedence and arrangement of parties and of candidates shall be as now required by law, provided, however, that in those counties where voting machines are used, the specifications for the printing of the official ballots shall be drawn by the county clerk." (Italics ours)
The language of N.J.S.A. 19:14-12 is unmistakably clear and definite: "The name of the party first drawn shall occupy the first column at the left of the left of the ballot, and the name of the party next drawn shall occupy the second column, and so forth." (Italics ours) Because of the horizontal-line voting machines used in Essex County the word "column" in N.J.S.A. 19:14-12, a statute drawn at a time when paper ballots were used in all countries, is to be read as "horizontal row"  i.e., "line"  within the intendment of the phrase "columns or horizontal rows" used in N.J.S.A. 19:49-2. Perry v. Giuliano, above, 46 N.J. Super., at page 553. (The word "column" is used in other sections of the Election Act referring to paper ballots, e.g., N.J.S.A. 19:14-6, 8, 9 and 10, so that if their requirements are to be followed in voting machine counties one must necessarily equate "horizontal row" ("line") with "column.")
N.J.S.A. 19:49-2, part of the Election Act provisions relating to voting machines, expressly states that the providing of the official ballots and "the order of the precedence and arrangement of parties and of candidates shall be as now required by law." This legislative directive is not neutralized or countermanded by the proviso which follows and which permits the county clerk in voting machine counties to draw "the specifications for the printing of the official ballots." The county clerk recognized the mandatory requirement of N.J.S.A. 19:14-12 relating to the precedence and arrangement of party positions on the ballot, for prior to the start of the drawing he announced that it would be held pursuant to N.J.S.A. 19:14-12 and, in fact, read the provisions of that statute to those in attendance. *85 the statute, N.J.S.A. 19:14-12, now reads, the second column (on paper ballots) or the second line (on voting machines) must immediately follow the first. The county clerk is not free to skip over the second column or line and use the third. The common meaning of "second" is "immediately following the first," "next to the first in order of place or time," "next after the first in a series or line." Webster's New International Dictionary (2d ed. 1948).
Defendant's purpose in skipping line "B" is clear: by providing a space between the lines assigned to the two major parties' candidates he sought to avoid possible confusion on the part of the voter who might, because of the proximity of lines "A" and "B," pull one or more levers on line "B" when, in fact, he intended to vote for the candidate or candidates on line "A." That the potential for such mistake in voting exists is, we believe, made clear by a study conducted on behalf of the Secretary of State which was submitted to the trial judge. (Although not in evidence, we have, like the trial judge, examined it.) However, it is not for the county clerk to seek a solution to the problem of possible confusion or mistake in the use of the voting machine. It is for the Legislature, and for that body alone, to provide for spacing between the major parties, and this by amending the Election Act. Otherwise, N.J.S.A. 19:14-12 must be followed, or voting machines should in the future be redesigned so as to leave a clear space between the successive columns or lines on the machine.
The judgment is affirmed.