MARY ANNE REINHART, PETITIONER, v. CLEMENT MILLER AND THE BURLINGTON COUNTY BOARD OF ELECTIONS, RESPONDENTS.

JEAN DWANE, PETITIONER, v. JOSEPH GOODWIN AND THE BURLINGTON COUNTY BOARD OF ELECTIONS, RESPONDENTS.

Superior Court of New Jersey
Law Division Burlington County

Decided November 15, 1985.

*Mary Anne Reinhart, pro se.*

*Jean Dwane, pro se.*

OPINION

HAINES, A.J.S.C.

Mary Anne Reinhart, of Shamong Township, and Jean Dwane, of Pemberton Township, both in Burlington County,

were candidates in the November 1985 General Election, seeking membership on their respective Township Committees. Both lost by narrow margins. They have filed petitions for a recheck of the voting machines and a recount of the absentee and emergency ballots in their election districts. They raise questions as to the amount of fees they are required to pay in order to have their petitions granted.

*N.J.S.A.*19:28–1 provides:

> When any candidate at any election shall have reason to believe that any error has been made ... in counting the vote ... he may ... apply to a judge of the Superior Court ... for a recount of the votes cast at the election in any district or districts.

*N.J.S.A.*19:28–2 provides:

> Any applicant ... for such recount, upon applying therefor, shall deposit with the county clerk or such other public officer or officers as such judge shall direct, such sum of money proportioned to the number of votes to be counted but not exceeding twenty-five dollars ($25.00) for any one district recount of which is asked, as the judge shall order as security for the payment of the costs and expenses of the recount in case the original count be confirmed. Such judge shall fix and determine the amount of compensation to be paid for making the recount, and the costs and expenses thereof....

*N.J.S.A.*19:52–6 provides:

> [U]pon written request of any defeated candidate ... (a Superior Court) judge shall, at a cost of $2.00 per district to the candidate ... order the (voting) machines in question opened and the registering counters rechecked against the election officers' returns.

*N.J.S.A.*19:28–1 makes no distinction between machine votes and other votes. *N.J.S.A.*19:52–6 mentions machines specifically and is part of a separate chapter of our election laws dealing primarily with machine voting. The specific normally prevails over the general. *Sheeran v. Nationwide Mutual Ins. Co.,* 159 *N.J.Super.* 417 (Ch.Div.1978), aff'd, 163 *N.J.Super.* 40 (App.Div.1978). Nevertheless, the two statutes should be read together, *Axtell v. Caputo,* 85 *N.J.Super.* 80 (App.Div.1964), for the purpose of furthering the Legislature's objective. *Property Owners Ass'n of No. Bergen v. No. Bergen Tp.,* 74 *N.J.* 327, 338 (1977). Recounts protect the sanctity of the ballot, a basic objective of our election laws. *In re Keogh-Dwyer,* 85 *N.J.Super.* 188, 198–199 (App.Div.1964), rev'd on other grds., 45

*N.J.* 117 (1965). It is logical to assume that the Legislature intended to make them readily and reasonably accessible to defeated candidates who believe that errors have been made in election returns from whatever cause. Both statutes can be accommodated by making separate charges for recounts and rechecks.

■ The Shamong petition involves two election districts with a total of 11 absentee and emergency ballots. The Pemberton request involves 14 election districts with a total of 38 absentee and emergency ballots. A charge of $5.00 and $10.00, respectively, is sufficient for the recount of the ballots. The fixed statutory charge of $2.00 per district must be paid for the rechecks.

■ The more difficult question is whether the petitioners are required to pay the filing fee mandated by *N.J.S.A.* 22A:2–6, which provides:

> Upon the filing or entering of the first paper or proceeding in the Law Division of the Superior Court, the plaintiff shall pay to the clerk $75.00 for the first paper filed by him....

It is my conclusion that this fee need not be paid because the "first paper or proceeding" in the present cases are not "in" the Superior Court. While the proceedings are taken before a judge, the judge acts as a legislative agent and not judicially. The Superior Court maintains the record of the proceedings because it has the facilities for that purpose and because a Superior Court judge is involved. The Court is, nevertheless, not permitted to charge fees for its services because it has not been authorized to do so. *N.J.S.A.* 19:28–2 provides for a deposit as security for a recount, returnable if the recount results in a 10% change in the vote; it is silent as to any other charge. *N.J.S.A.* 19:52–6 requires payment (not a deposit) of a specific sum for a recheck and is also silent as to any other charge. Our Rules Of Court contain no relevant provision concerning the payment of fees for these proceedings.

*In re 1984 General Election for Office of Council of Maple Shade Tp.*, 203 *N.J.Super.* 563 (Law Div.1985), explains the

difference between a judge acting as a legislative agent and a judge acting judicially:

The Legislature exercises paramount control over election matters and the courts are bound by its enactments. Justice Handler, in his concurrence/dissent in *Gormley v. Lan*, 88 *N.J.* 26 (1981), stated it as follows:

The greater the statutory and administrative responsibility that is vested in the executive or legislative agents over election matters, the more constricted is the jurisdiction of the courts. Judicial and executive responsibilities in election matters stand, as it were, in inverse proportion to one another. [At 46].

The present quest does not ignore that principle. It seeks only to fix the role of the court when it addresses election problems requiring judicial solutions, *i.e.*, problems which have not been considered by the Legislature. It acknowledges the fact that some problems must be resolved by judges who sit, not as judges, but as agents of the Legislature because the Legislature has said so.

The difference between election recounts and election contests illustrates the difference between judges who are agents and judges who are judges. Recounts are covered by *N.J.S.A.*19:28–1, *et seq.*, contests by *N.J.S.A.*19:29–1, *et seq.* Recounts involve judges only ministerially, as the officials who order recounts to be made. Only elementary decisions are required; the actual recounts are conducted by election officials. As a consequence the courts have referred to the judges who issue recount orders as legislative agents. *In re Election in Bethlehem Twp.*, 74 *N.J.Super.* 448, 459–469 (App.Div.1962); *In re Recheck of Machines in Jersey City*, 19 *N.J.Super.* 187, 189–190 (App. Div.1952). ("It is clear that the statutory jurisdiction conferred upon the judges of the Law Division of the Superior Court by *R.S.*1928–1, *et seq.*, is conferred upon them as individual judges thereof and is not conferred upon the court as such, and that the individual judge who acts in exercising such jurisdiction acts solely in the capacity of a legislative agent exercising a delegated authority.") See also the *dicta* in *Massett Bldg. Co. v. Bennett*, 4 *N.J.* 53, 60 (1950) and *In re Recheck of Ballots in South River*, 27 *N.J.Super.* at 111. Election contests involve much more than ministerial actions of judges and invite the conclusion reached here that they are subject to the exercise of judicial power. [At 576]

This analysis supports the conclusion that no Superior Court filing fees need be paid in connection with recount or recheck applications. The present facts reflect the logic of that conclusion. Total charges paid by the petitioners are $9.00 and $38.00 respectively. Required additional fees of $75.00 each might be prohibitive, frustrating legitimate recount-recheck efforts as well as legislative intent.